## Case No. 17,720.

### WILLIAMS et al. v. EMPIRE TRANSP. CO. et al.

[3 Ban. & A. 533;  6 Reporter, 673;  17 Am. Law Reg. (N. S.) 698;  14 O. G. 523;  1 N. J. Law J. 315;  18 Alb. Law J. 313;  24 Int. Rev. Rec. 330;  35 Leg. Int. 440;  1 Md. Law Rec. 115.] [1]

Circuit Court, D. New Jersey.  Oct., 1878.

PRACTICE IN EQUITY — PLEA OF NO INTEREST — JURISDICTION OF FEDERAL COURTS—CORPORATIONS, WHERE "FOUND."

1. Where one of the defendants appeared, and pleaded certain facts. which. if true, would show that he had no interest in the subject matter of the suit, and a motion was made to strike out such plea, which motion was, by consent, treated as a demurrer:  Held, that the plea should not be overruled, nor ordered to stand as an answer, but that the benefit of the plea should be saved to the defendant until the hearing, when it would be treated as the testimony in the case might warrant.

2. A foreign corporation transacting business in a state, and amenable to the process of the courts of such state, is "found" within the state, in the sense of the judiciary acts, and may be sued in the federal courts therein.

[Cited in Wilson Packing Co. v. Hunter, Case No. 17.852;  Hayden v. Androscoggin Mills, 1 Fed. 95;  Ehrman v. Teutonia Ins. Co., Id. 478;  Eaton v. St. Louis Shakspear Mining & Smelting Co., 7 Fed. 141;  Boston Electric Co. v. Electric Gaslighting Co., 23 Fed. 839;  Maxwell v. Atchison, T. & S. F. R. Co., 34 Fed. 288.]

[This was a bill in equity by John T. Williams and others against the Empire Transportation Company and others.]

A. Q. Keasbey and Joseph C. Clayton, for complainants.

George Harding, for defendant Hopper.

NIXON, District Judge.  This is a motion to strike out a plea. The bill of complaint was filed for the infringement of certain letters patent, against the Empire Transportation Company, a corporation organized under the laws of the state of Pennsylvania, and doing business as such, among other places. at Jersey City and elsewhere within the state of New Jersey, and B. W. Hopper, the agent of the said company in this state.

The service of subpœna was made upon the defendant Hopper. No appearance has been entered for the defendant corporation; but Hopper has appeared and pleaded that at the time of the commencement of this suit he was acting merely as station agent, at Newark. New Jersey, for the Empire Transportation Company, a corporation organized and operating under the laws of Pennsylvania; that, as such agent, he had nothing whatever to do with the construction and operation of cars for transporting petroleum. nor with the running of the same within the district of. New Jersey. nor in any other place; his duty as agent being merely to keep the books of the

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden. Esq.. and here reprinted by permission.  6 Reporter, 673, contains only a partial report.]

company, to collect the amounts due for freights received and shipped, and to make returns for the same to the office of the company at Philadelphia, etc.

By the consent of the parties the motion to strike out the plea has been treated as a demurrer, under the rules. The facts stated are admitted to be true, and the question is whether they constitute a sufficient reason why the said Hopper should not have been included as a defendant in the suit. The plea, although not common, is one well known in equity practice. It is sometimes called a plea in abatement, and sometimes a plea in bar. A defendant is permitted to plead that he does not sustain the character which he is alleged to bear in the bill, or that he has no interest in the subject of the suit. Story, Eq. Pl. §§ 732–734.

I am quite sure that the plea ought not to be overruled. The facts stated may be a defence. The only doubt I have is whether I should save to the defendant the benefit of the plea to the hearing, or order it to stand for an answer. But, upon the whole, I think the former course is the true one, because so far as it appears to the court it may prove to be a defence. Matters may be disclosed in the evidence which will establish or avoid it, and no course should be now taken that will preclude the consideration of the question hereafter. The plea is, therefore, saved to the hearing, and to be then treated as the testimony in the case shall warrant.

But I infer from the argument of the counsel, at the hearing, that this is not the question which, in fact, the parties are endeavoring to have decided. They are reaching after a different matter. They wish to ascertain whether, if the proceedings should be discontinued against the defendant Hopper, for the want of interest, the suit is still maintainable against the Empire Transportation Company, a foreign corporation, in view of the provisions of the eighty-eighth section of the "Act concerning corporations," approved by the legislature of the state of New Jersey, April 7th, 1875 (Rev. St. 193), and also of the first section of an act of the congress of the United States, entitled "An act to determine the jurisdiction of circuit courts," etc., approved March 3d, 1875 (18 Stat. 470).

The state law referred to enacts that in all personal suits or actions hereafter brought in any court of this state against any foreign corporation not holding its charter under the laws of this state, process may be served upon any officer, director, agent, clerk or engineer of such corporation, either personally, or by leaving a copy at his dwelling-house, or usual place of abode, or by leaving a copy at the office, depot or usual place of business of such corporation.

The act of congress provides that no civil suit shall be brought before either of said courts (circuit or district), against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, etc. The corporation was not an inhabitant of the state of New Jersey at the time of filing the bill and serving the subpœna.

It has long been settled that the body corporate only lives within the boundaries of the sovereignty by which it is created. Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 519; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286. This results from the fact that it is an artificial being, deriving its life from its charter, and has no capacity to exist, and no power to exercise its functions, except as they are conferred by the local law.

It would seem to be a legitimate, if not a necessary inference from this, that a corporation could not be found outside of the place of its creation, to be served with legal process. Such was the opinion of the late learned justice of the Second district (Nelson), in the case of Day v. India Rubber Co. [Case No. 3,685], in which he quashed a writ of attachment and summons that had been issued in the circuit court of the Southern district of New York against a New Jersey corporation. And in the subsequent case of Pomeroy v. New York & N. H. R. Co. [Id. 11,261], he went a step further, and held that the defendant corporation, organized in Connecticut, could not be found in New York, in the sense of being amenable to federal process, although the legislature of the state of New York in authorizing the body corporate to purchase lands, to enter into contracts, and to extend its road into and over the state, had expressly provided that it should be liable to be sued by summons in the same manner as corporations created by the laws of the state, and that the process might be served on an officer or agent of the company. He says (page 122):

"The difficulty here is in giving effect to this law of New York, providing for service of process on the defendants. That is regulated, as to this court, by the act of congress of 1789, already referred to, and cannot be altered or modified by any state law. According to that act, the defendant must be an inhabitant of the district, or be served with process within it, in order to give the court jurisdiction.

"Now, service of process, by the assent of this company, upon an agent, within the state, . . . cannot be said to be service upon an inhabitant of the district, or upon a person within it. The corporation is still a Connecticut company, resident within the state of Connecticut, but consenting to be sued in New York by service of process on its agent; and, however effectual this service may be in conferring jurisdiction over the company, upon tribunals governed by the laws of New York, it cannot have that effect in respect to federal tribunals, which are not only not governed by the state laws, but are governed by the act of congress, which has prescribed a different rule."

But the supreme court have given a different construction to the act, and, of course, have come to a different conclusion. Since the recent case of Ex parte Schollenberger [96 U. S. 369], it would seem that the court should look to the legislation of the state, and exercise jurisdiction over a foreign corporation, when provision has been made for the service of process. That action was one of a large number instituted in the circuit court of the United States for the Eastern district of Pennsylvania, by a citizen of that state against a foreign fire insurance company, which corporation had been allowed to transact its business in Pennsylvania by a law of the state, upon certain terms, one of which was that a person should be designated upon whom a service of summons could be made, in case of suit against them. The circuit court dismissed the case for want of jurisdiction, and because the law of the state could not confer it. But the supreme court, after long argument and careful consideration, issued a mandamus directing the circuit court to reinstate the suits and proceed to trial, holding that a foreign corporation, transacting business in Pennsylvania, in view of the legislation of the state, was found there for the purpose of service of the writ.

As the last utterance of the highest tribunal, this must now be accepted as the law, and it is instructive to review the steps by which the court reached the result.

In Bank of Augusta v. Earle, supra, it was held that a corporation might be deemed to have an existence beyond the place of its creation, to the extent of making contracts which the courts would enforce.

In Lafayette Ins. Co. v. French, 18 How. [59 U. S.] 404, the question was whether the federal tribunals would acknowledge the validity of judgment obtained in the courts of a state against a foreign corporation, when the state law authorized the corporation to transact business within the state only on the condition that service of process upon the agent of the corporation should be considered as service upon the corporation itself.

The court held that the state had the right to impose such a condition in regard to suits before its own tribunals, and that when the corporation sent its agent into the state to effect insurances, it must be presumed to have assented to the rule.

In Railroad Co. v. Harris, 12 Wall. [79 U. S.] 65, a suit was brought in the supreme court of the District of Columbia against the Baltimore & Ohio Railroad Company for injuries received from a collision on the road in the state of Virginia. The company received its charter from the state of Maryland. Authority was given by the legislature of Virginia to extend the road into that commonwealth, clothing the company with all the rights and privileges granted, and subjecting it to all the obligations and penalties imposed by the original Maryland charter. Congress subsequently passed an act authorizing the extension of a lateral road into the District of Columbia, and conferring upon the company the right to exercise the same powers and privileges, and imposing upon them the same restrictions in the construction of the said lateral road within the District as they might exercise or be subject to under and by virtue of the act of incorporation of the state of Maryland.

After argument and reargument the court held that no new corporations were created by this legislation in the state of Virginia or in the District; that the old corporation remained unchanged in its unity, but with the sphere of its operations greatly enlarged; and that although foreign, and incapable of migration from Maryland, it might, nevertheless, be found in the District of Columbia, exercising its authority upon such conditions as were prescribed by the act of congress. "One of these conditions may be," says Mr. Justice Swayne, speaking for the whole court, "that it shall consent to be sued there. If it do business there it will be presumed to have assented and will be bound accordingly." This decision was referred to with approbation by the court in the subsequent case of Railroad Co. v. Whitton, 13 Wall. [80 U. S.] 284.

It will be observed from an inspection of these cases that it is nowhere asserted that jurisdiction can be conferred upon the federal courts by the legislation of the state. Indeed, such an inference is expressly repudiated in the Pennsylvania insurance cases (Ex parte Schollenberger, supra), where the court says:

"States cannot by their legislation confer jurisdiction on the courts of the United States, neither can consent of parties give jurisdiction when the facts do not; but both state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case. Ex parte McNiel, 13 Wall. [80 U. S.] 236."

It would, perhaps, more nearly accord with the principle announced in these insurance cases, to say that, by the legislation of a state, foreign corporations doing business in the state may be estopped from setting up in bar of a suit in the federal courts that they are not amenable to the jurisdiction.

But, whether this may be the meaning of the decision or not, I am constrained by the authority of these cases in the supreme court to hold that the jurisdiction of the court over the present suit is not to be defeated because the defendant corporation was organized under the laws of a sister state. It was transacting business here, and by the provisions of the local law (Rev. St. 1877, p. 193) it is subject to process by serving the same upon one of its agents, and has waived its right to question the legality of such a mode of service.