## Case No. 12,418.

### SAYLES v. ERIE RY. CO.

[2 N. J. Law J. 212.]

Circuit Court, D. New Jersey. May 23, 1879.

PLEADING IN EQUITY—PLEA—REPLICATION — CORPORATIONS—SERVICE OF WRIT.

The plaintiff must reply to a plea or set it down for hearing on the next rule day, and on his failure to do so the defendant may have the bill dismissed, but if he neglects for a long time to take advantage of it the court will give the plaintiff further time. The Erie Railway is found within this district so as to give jurisdiction to the United States court.

In equity.

NIXON, District Judge. Plaintiff failed to reply to the plea or set down the same for hearing on succeeding rule day. It is true that under rule 38 defendant was entitled to have the bill dismissed. But the rule authorizes a judge in his discretion to allow plaintiff further time. Defendant has waited so long before entering order for dismissal or moving for a rule that he must be deemed to have waived his rights, and the case must stand for decision on merits of plea. The only question raised is whether the court can acquire any jurisdiction over defendant in view of the conceded fact that it is a foreign corporation located in and created by the laws of the state of New York. The bill avers that it is carrying on the business of operating a railroad and using railroad cars within the state of New Jersey. Such a corporation is found here for the service of process, and the local law defines how and upon whom the service may be made. Rev. St. N. J. tit. "Corporations," § 88. The re-

cent case of Williams v. Empire Transp. Co. [Case No. 17,720], departed from the former rulings in this court in proceedings against foreign corporations in obedience to the authority of the supreme court of the United States in Railway Co. v. Harris, 12 Wall. [79 U. S.] 65, and Ex parte Schollenberger, 96 U. S. 369. The plea is overruled, and 30 days is allowed the defendant within which to answer the bill on the merits.