## Case No. 11,041.

### PETROCOKINO v. STUART.

[37 Leg. Int. 30; 14 Phila. 412; 9 Reporter, 167; 26 Int. Rev. Rec. 30; 1 Wkly. Jur. 701; 9 N. Y. Wkly. Dig. 371.] [1]

Circuit Court, E. D. Pennsylvania. Dec. 29, 1879.

JURISDICTION—SUITS BETWEEN ALIENS—CITIZENSHIP OF CORPORATIONS.

1. The act of congress of 1798 [1 Stat. 570], read, as it must be, in connection with section 2, art. 3, of the constitution, does not confer jurisdiction to the United States circuit court over controversies between aliens, but between a state, or the citizens thereof, and foreign states, citizens or subjects. Montalet v. Murray, 4 Cranch [8 U. S.] 46, recognized.

2. As respects rights of action and liability to suit, a corporation will be regarded as a citizen of the state by which it was created. That the defendant corporation has an office and is transacting business here is unimportant. A corporation cannot migrate.

3. The defendants' offices in Philadelphia render them liable to suit here in any court having jurisdiction of the parties and the controversy; but, as this court has not, the writs must be quashed.

[Motion to quash writs of summons. The plaintiffs, aliens, brought suit against "Stuart & Brother, Limited," a corporation under an English company's act, which had an office and transacted business in Philadelphia.

[J. Warren Coulston, for the motion. This court has no jurisdiction in an action where both the parties are aliens. Const. U. S. art. 3, § 2; Montalet v. Murray, 4 Cranch [8 U. S.] 46.

---

[1] [Reprinted from 37 Leg. Int. 30, and 9 Reporter, 167, by permission. 9 N. Y. Wkly. Dig. 371, contains only a partial report.]

[Samuel Wagner, contra. Where a foreign corporation is permitted to do business in a state on condition that it may be sued in the United States court for the circuit in which such state is. Ex parte Schollenberger, 96 U. S. 369. See, also, Railroad Co. v. Whitton, 13 Wall. [80 U. S.] 285.] [2]

BUTLER, District Judge. The plaintiffs and defendants, in each of the above cases, are aliens,—the defendants being incorporated, and having offices and transacting business in Philadelphia, where the processes were served. The court is asked to quash the writs, for want of jurisdiction. The jurisdiction of this court is limited to the classes of cases enumerated in the acts of congress, relating to the subject. Among these are "suits of a civil nature where * * * an alien is a party;" and this is the only class here involved.

What is the meaning of this provision of the act of 1798? Certainly, that when one, and only one, of the parties to a suit, is an alien. For the provision must be read in connection with section 2 of article 3 of the constitution, which confers jurisdiction on the federal courts. Jurisdiction is not conferred over controversies between aliens, but between a state or the citizens thereof, and foreign states, citizens, or subjects. In other words, (as respects the question involved,) between the citizens of a state, and the citizens or subjects of a foreign state. Even if congress had intended otherwise, the statute must be construed in conformity with this provision. The limit of jurisdiction prescribed by the constitution, cannot of course, be transcended. The statute was so construed in Montalet v. Murray, 4 Cranch [8 U. S.] 46. Although a corporation is not a citizen, within the meaning of the several clauses of the constitution, relating to citizens, as is said in Railroad Co. v. Whitton, 13 Wall. [80 U. S.] 270, yet as respects rights of action, and liability to suit, it will be regarded as a citizen, of the state by which it was created.

That the defendant has an office, and is transacting business here, is unimportant. A corporation cannot migrate. The cases of Ex parte Schollenberger, 96 U. S. 369, and Railroad Co. v. Whitton, 13 Wall. [80 U. S.] 285, are inapplicable to the facts here involved. Ex parte Schollenberger, principally relied upon, decided simply that the presence of an office and agent here, made the defendant liable to the service of process under the statute of 1873 [Laws Pa. 1873, p. 27] of Pennsylvania,—an "inhabitant of the state" for the purposes of suit. No other question was involved. The plaintiff being a citizen of Pennsylvania, and the defendant treated as a citizen of another state, the court had jurisdiction of the controversy, and the question before us could not arise. If having an office and transacting business here, had been regarded as transferring the corporation, or its home, to this state, the court, clearly, would not have had jurisdiction. The acceptance of service of the writ, is immaterial. It waived nothing but the official act of serving. The most unequivocal consent would not confer jurisdiction. Collins v. Collins, 37 Pa. St. 387; Funk v. Ely, 52 Pa. St. 442; Mills v. Brown, 16 Pet. [41 U. S.] 525. The defendants' offices in Philadelphia render them liable to suit here in any court having jurisdiction of the parties, and the controversy. But this court has not. The writs must be quashed.