## BROWNELL *v.* TROY & BOSTON RAILROAD CO.

*(Circuit Court, D. Vermont. May, 1880.)*

1. JURISDICTION — FOREIGN CORPORATION — SERVICE OF PROCESS — GEN. ST. VT. c. 28, § 118. — Section 118, c. 28, of the General Statutes of Vermont, provided that the lessee of a railroad within the state, residing out of the state, should appoint one person resident in the state, upon whom service of every kind of process known to the laws of the state might at any time be made; and that all such service upon the person so appointed should be a legal service upon the lessee. *Held*, that service upon the agent of the non-resident lessee of a railroad within the state, appointed in accordance with the terms of this section, and served in the manner provided by the laws of the state for the service of such process, would suffice to vest the circuit court for the district of Vermont with jurisdiction of an action against such non-resident lessee.

   *Ex parte Schollenberger*, 96 U. S. followed.

2. SAME — SAME — SAME — SAME — STIPULATION. — It was not necessary, under the terms of this section, that the non-resident lessee should first file an express stipulation agreeing that service within the state should be good, in order to vest such court with jurisdiction.

Motion to dismiss suit for want of jurisdiction.

*George W. Harmon* and *Aldace F. Walker*, for plaintiff.
*Charles N. Davenport*, for defendant.

WHEELER, D. J.   The plaintiff is set up in the writ as a citizen of Vermont; the defendant as a corporation of New York, lessee of the Southern Vermont Railroad in Vermont, in possession and running the road under the lease.   The statutes of Vermont provide that such lessee of a railroad within the state, residing out of the state, shall appoint one person resident in the state, upon whom service of every kind of process known to the laws of the state may at any time be made; and that all such service upon the person so appointed shall be a legal service on the lessee.   Gen. St. Vt. *c.* 28, § 118. The defendant appointed an agent under this statute, as is alleged in the writ, and the writ was served upon the agent in the manner provided by the laws of the state for serving such process.   The defendant moves to dismiss the suit for want of jurisdiction of the defendant by this service, because, it is said, that if the defendant can be found here by reason of being a lessee of a railroad here, so that service can be made upon the defendant here, it has become a citizen here; and that, if not, the service here cannot be good under any law of the state, and that this law of the state does not apply to service of such process.

All corporations doing business within the limits of the state become subject to that extent to the laws of the state, and by coming or sending into the state to transact business consent to be so subject to the laws of the state relating to the business as fully as if they so expressly stipulated in writing, either voluntarily or pursuant to requirement of some law of the state.   The defendant, by being a lessee of a railroad within the state, became subject to this statute of the state relating to a process against it; and by appointing an agent under the statute consented to service upon the agent, as the law provided service might be made as effectually as if the law had required such express consent and it had been fully given.   *Railroad Co.* v. *Harris,* 12 Wall. 65.   In *Ex parte Schollenberger,* 96 U. S. 369, it was held that a corporation out of a state doing business in the

state, under a law requiring that such a corporation should not do business within the state until it had filed a stipulation agreeing that certain service within the state should be good, and which had filed the required stipulation, was found within the state within the meaning of the laws of the United States respecting bringing suits where a defendant is found. This case is attempted to be distinguished from that on account of the express stipulation, but there is in reality no difference. A corporation putting itself in a place in order to be found there, may be found there as well as if it agreed to be found there.

The statute of the state applies to every kind of process known to the laws of the state. This court has not exclusive jurisdiction of this class of cases, but only concurrent jurisdiction with the courts of the state; and the process by which suits are brought in this court, and its mode of service, are the same as those of the courts of the state. U. S. Rev. St. § 913. So this process is process known to the laws of the state. *Ex parte Schollenberger*, 96 U. S. 369. It is true that jurisdiction was denied in similar cases—in *Day* v. *Rubber Co.*, 1 Blatchf. 628, and some other cases following that—but those cases were expressly overruled in *Ex parte Schollenberger*. Some suggestions have been made about the law of this circuit upon this subject, as if it might be different from that of other circuits; but, although different modes and rules of practice may prevail in the different circuits, the laws of the United States which govern this matter—and it is a matter of law and right, and not of practice merely—are the same in all the circuits.

Attention has been called to *Balt. & Ohio R. Co.* v. *Noels*, to appear in 32 Gratt., (21 Alb. Law Jour. 477,) holding that a corporation of Maryland leasing and operating a railroad in Virginia is so a citizen of Virginia that a suit against it by a citizen of Virginia is not removable to the United States courts, as showing that this defendant is so a citizen of Vermont that this suit in favor of a citizen of Vermont is not removable. That case seems to cover this, and if its doctrines are to be followed this suit should be dismissed. That

case expressly admits that a corporation of one state can have no legal corporate existence in another state; and if this be true it is difficult to see how it can do enough more than to exist, to become a citizen under the law there. If it could, one individuality would be a citizen of two different states at the same time. In *Knapp* v. *Troy & Boston R. Co.*, 20 Wall. 117, it was held that this same defendant, while lessee, operating this road in Vermont the same as now, and the plaintiff there, who was a citizen of New York, were citizens of the same state, of New York, so that the case was not removable. That cause of action arose in Vermont, the same as that in *Balt. & Ohio R. Co.* v. *Noels* arose in Virginia. If corporations are citizens wherever they do business, the right to remove causes in which they are parties to, or to bring them in, the federal courts, is very much less than has almost universally been supposed. But that doctrine does not now appear to be tenable.

Motion overruled.

NOTE.—See *Runkle* v. *Lamar Ins. Co.* 2 FED. REP. 9.