HUSSEY MANUF'G Co. *v.* DEERING and others.

*(Circuit Court, W. D. Pennsylvania.* June 23, 1884.)

**1. FOREIGN CORPORATION—PENNSYLVANIA STATUTE—SERVICE OF PROCESS.**

Under the statutes of Pennsylvania a foreign corporation which transacts business in that state through its authorized agents is amenable to suit there, and service of process upon said agents is good service upon it.

**2. PATENTS FOR INVENTIONS—PUBLIC ACQUIESCENCE—INJUNCTION.**

When an invention is both new and useful, the want of public acquiescence cannot avail infringing parties to defeat a motion for a preliminary injunction.

**3. SAME—INFRINGEMENT—PATENTS NOS. 233,035 AND 293,249.**

Letters patent Nos. 233,035 and 293,249, granted October 5, 1880, and May 6, 1884, to Ephraim Smith, construed, sustained, and *held* to be infringed.

In Equity. *Sur* motion for a preliminary injunction.

*George Harding* and *Francis T. Chambers,* for complainants.

*West & Bond,* for defendants.

ACHESON, J. Although the defendant William Deering & Co. is a corporation of the state of Illinois, it yet appears that it has established a business agency at Allegheny city, in the state of Pennsylvania, for the sale of its manufactures. The written contract between the corporation and White & Wallace, the resident defendants, expressly creates the latter the "agents" of the former. By the terms of their employment White & Wallace are not mere factors, but agents to represent and act for the corporation. It is quite plain that under the statutes of Pennsylvania, as authoritatively expounded, the corporation transacts business within this state and is amenable to suit here, and that service of process upon its said agents is a good service upon it. Act of April 8, 1851, § 6, Pamph. Laws, 354; Act of March 21, 1849, § 3, Pamph. Laws, 216; *Hagerman v. Empire Slate Co.* 97 Pa. St. 534; *Ex parte Schollenberger,* 96 U. S. 369.

The bill charges the defendants with the infringement of two letters patent for improvements in mowing-machines, issued to Ephraim Smith, respectively numbered 233,035 and 293,249, and dated October 5, 1880, and May 6, 1884, of which patents the plaintiffs are the assignees. The invention embraced in the second and third claims of the patent of 1880 consists in a lever mounted on the hinge-bar, arranged in combination with a finger-bar, the lifting-chain having a yielding support, and mechanism for adjusting the chain and securing it in any desired position, whereby the weight of the finger-bar is partly sustained, and its outer end counterbalanced when the machine is in operation; and the combination of the lifting-chain, a spring-sheave, lever, and finger-bar operating together, whereby the action of the spring-sheave is constant upon the finger-bar through the said lever. The invention covered by the Smith patent of 1884 (which is capable of conjoint use with the invention of 1880) is designed to promote the successful use of finger-bars and cutter-bars of extraordinary length, by making the finger-bar with a slight down-

ward curvature in the middle sufficient to make the finger-bar straight when it is sustained at its inner end ready for operation; thus obviating a difficulty which arose from the springing and curving upward of the finger-bar in the middle by its unsupported weight, and that of the cutter-bar mounted thereon, so that the cutter-bar would bend downward at the outer end, and not work freely in its guards or ways.

Now, it is certainly true, as appears from the numerous patents which the defendants produce, that many devices have been contrived to overcome the serious imperfection existing in mowing-machines, by reason of the cutter-bar and attached mechanism resting on the ground at the one side of the machine, thus causing side draught, and increasing the draught upon the team by the friction of the cutter-bar upon the ground. But the evidence adduced—a most important part of which is found in the defendants' own circular, extolling the excellencies of the Deering Giant mower, the machine complained of as infringing—satisfies me that no practical mechanism to overcome these evils, especially where the cutter-bar proposed to be used is six or seven feet long, was devised until Smith's invention of 1880. A patient study of the prior patents has brought me to the conclusion that neither of his inventions was anticipated by any of them. And while he was by no means a pioneer in this field of invention, he is fairly entitled to claim the merit of successfully overcoming a long-felt difficulty by operative devices securing the desired results.

It only remains, then, to determine whether the defendants' machine embodies Smith's invention. Undoubtedly, some differences of mechanism between the Deering Giant mower and the plaintiff's machine are observable. The Giant mower does not have a spring-sheave, but in lieu thereof, and as a mechanical equivalent, it has a long, straight spring secured to the frame of the machine. Again, in the Smith machine there is but a single chain, which is connected at one end to the lifting lever, and at the other to the lever mounted on the hinge-bar, whereas, in the Giant mower, the defendants employ two independent chains. One of them is the lifting chain, which is attached directly to the hinge-bar, and has no yielding support nor mechanism for adjusting and securing it in any desired position. The other of these chains, however, is connected at one end with the lever mounted on the hinge-bar, and at the other end to the straight spring, and it possesses both a yielding support and provision for adjusting and securing it in the desired position. The differences in the devices above alluded to, in my judgment, are formal merely, and my conclusion is that, substantially and for all practical purposes, the Giant mower embodies Smith invention, as shown and claimed in the second and third claims of his patent of 1880.

That the finger-bar in the defendants' machine has the downward middle curvature described in Smith's patent of 1884, and embraced in the first three claims thereof, is not seriously controverted. As we have already seen, this invention is both new and useful. Therefore,

the want of public acquiescence cannot avail infringing parties; and, indeed, in such a case as this, it is a matter of no moment whatever.

A preliminary injunction, as moved for, must issue; and it is so ordered.