WOTHERSPOON *v.* MASSACHUSETTS BEN. ASS'N.

*(Circuit Court, N. D. New York. May 10, 1889.)*

1. FEDERAL COURTS—CIRCUIT COURTS—JURISDICTION.

Where every jurisdictional requirement of the act of 1875 is complied with, a suit in a district in one state, for a cause not arising there, between a plaintiff residing in another state and a corporation of a third state, will not be dismissed because by the local statutes the state courts have no jurisdiction.

2. SAME.

A foreign insurance company is "found" in the state of the district of suit, where it has complied with the statute thereof, (Laws N. Y. 1884, c. 346,) providing that foreign companies may transact business in the state after having designated the superintendent of the insurance department as its lawful attorney on whom process may be served.

At Law. On motion to dismiss.

This action was commenced in August, 1885, to recover $10,000 upon two contracts of insurance issued by the defendant. The defendant appeared generally in the action, and on the 21st of October, 1885, served its answer. The plaintiff is a citizen of New Jersey, the defendant is a Massachusetts corporation. Chapter 346, Laws N. Y. 1884, provides, in substance, that foreign insurance companies may transact business in this state after having designated the superintendent of the insurance department as their lawful attorney upon whom process may be served. The defendant complied with the requirements of this act prior to the commencement of this suit. The defendant now moves to dismiss on the ground that the court has no jurisdiction of the action for the reason that the jurisdiction of this court is concurrent with that of the state courts, and, as the action cannot be maintained in the latter, it cannot be maintained here. The proposition that the state courts have no jurisdiction is based upon a decision of the court of appeals of New York in *Robinson* v. *Navigation Co.*, 19 N. E. Rep. 625. In that case the court, construing section 1780 of the Code of Civil Procedure, holds that the courts of this state do not have jurisdiction of an action where the plaintiff is a non-resident, the defendant a foreign corporation, and the cause of action did not arise within this state.

*Foster & Thomson*, for plaintiff.

*J. K. Hayward*, for defendant.

COXE, J., *(after stating the facts as above.)* The plaintiff and defendant are citizens of different states. The amount in controversy exceeds $500. There can be no doubt that the defendant was "found" here. *Ex parte Schollenberger*, 96 U. S. 369; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Gray* v. *Mining Co.*, 21 Fed. Rep. 288; *U. S.* v. *Telephone Co.*, 29 Fed. Rep. 17. Every requirement of the act of 1875, necessary to confer jurisdiction, is present. To dismiss the cause in such circumstances would be without precedent. Whether or not the action could have been brought in the state courts is a matter of no moment. The United States courts do not look to state legislation or the decisions of state tribunals for sources of

jurisdiction. If the contention of the defendant is correct, the state legislatures, by limiting the jurisdiction of their own courts, can at the same time limit the jurisdiction of the federal courts. Such a proposition cannot be maintained. This court had occasion to pass upon a somewhat similar proposition in *Edwards* v. *Insurance Co.*, 20 Fed. Rep. 452. There can be no doubt as to the jurisdiction of the court. The motion is denied.