VERMONT FARM MACH. CO. *v.* GIBSON, (two cases.)

*(Circuit Court, D. Vermont. May 3, 1892.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—JURISDICTION—WAIVER.

   The circuit courts of the United States have jurisdiction of suits for the infringement of patents, without regard to the citizenship or residence of the parties; and a bill which fails to allege that defendant is an inhabitant of the district where suit is brought is not demurrable. The exemption from suit in any district other than that of defendant's residence is waived, if not pleaded.

2. SAME—PATENTABLE NOVELTY—CREAMERIES.

   Letters patent No. 187,576, granted February 20, 1877, to William Cooley, for "the process of treating milk for raising cream by sealing with water and air the cover, applied directly to the vessel containing the milk," is valid, as embodying patentable novelty. *Boyd* v. *Cherry*, 50 Fed. Rep. 279, 4 McCrary, 70, followed.

3. SAME—LICENSE—WHAT AMOUNTS TO.

   The sale of a creamery containing cans which embody this invention does not operate as a license to use new cans procured from other parties, which infringe the claims of this patent. *Machine Co.* v. *Gibson*, 46 Fed. Rep. 488, followed.

In Equity. Bill by the Vermont Farm Machine Company against Hugh G. Gibson for infringement of patents. Decree for complainant.

*William Edgar Simonds*, for orator.

*G. G. Frelinghuysen*, for defendant.

WHEELER, District Judge. One of these cases is brought upon patent 187,516, dated February 20, 1877, and granted to William Cooley, for, among other claims, "The process of treating milk for raising cream by sealing with water and air the cover, applied directly to the vessel containing the milk, substantially as set forth." The other is brought upon patent 321,340, dated June 30, 1885, and granted to Francis G. Butler, for a can for raising cream by water sealing, in substantially the same way, but with internal supports raising the cover from the rim of the can for circulation of air between the water and the milk. Both bills have, with other defenses, been demurred to for want of jurisdiction, because the defendant is not, in either, alleged to be an inhabitant of this district. If the court did not have jurisdiction of any such cases but those in which the defendants should be inhabitants of the district, this objection would probably be fatal, as such an objection is when courts only have jurisdiction of suits between citizens of different states, and the requisite citizenship is not alleged. But the circuit courts have jurisdiction of suits for infringement of patents, without regard to citizenship or inhabitancy, by the general law of the subject. The requirement elsewhere that they be brought in particular districts is a personal exemption, which may be waived. *Ex parte Schollenberger*, 96 U. S. 369. On principle, this exemption must be pleaded, or it is waived.

The other defenses are want of patentable novelty, and a license from the orator, arising from a sale to the defendant of a creamery having a tank for water, and cans made according to the patent to Butler, operating according to the patent to Cooley. These claims of the patent to Cooley were held to be valid against the defense of want of novelty in *Boyd* v. *Cherry*, 4 McCrary, 70, 50 Fed. Rep. 279. The same, and that the sale of the creamery did not license new cans got from others, was held by this court on a motion for a preliminary injunction in these cases. *Machine Co.* v. *Gibson*, 46 Fed. Rep. 488. Further consideration, after the full argument now had, leads to the same conclusion, for substantially the same reasons, which need not be repeated. Neither of the patents put in evidence, nor the proof of knowledge and use, seems to show the invention of this part of the patent to Butler. These claims of both patents appear to be valid, and the orator appears to be entitled to a decree in each case. Let decrees be entered, continuing the injunctions, and for an account, with costs.