DINZY v. ILLINOIS CENT. R. CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. April 23, 1894.)

1. JURISDICTION—FOREIGN CORPORATION.

The federal courts have jurisdiction, upon the ground of diverse citizenship (Act Aug. 13, 1888), of an action against a foreign corporation, brought in the judicial district in which the plaintiff resides, when such corporation is subjected by statute to the jurisdiction of the courts of the state in which the district is located.

2. SAME—SERVICE ON TICKET AGENT.

Service of a summons upon a station or ticket agent, in accordance with the provisons of the statute of the state in which the district is located (Code Iowa, § 2611), will vest the federal courts with jurisdiction in a suit against a foreign railroad corporation.

3. SAME—DIVISION OF JUDICIAL DISTRICT.

An action may be brought in the state of Iowa against a nonresident defendant "in any division of either district wherein the defendant may be found." 22 Stat. 172. *Held*, that it is not required, in such a case, that suit be brought in the division of the district wherein the plaintiff resides.

This was an action by Richard W. Dinzy against the Illinois Central Railroad Company to recover damages for personal injuries, received while in its employ. Defendant moved to dismiss for want of jurisdiction.

Burns & Sullivan, for plaintiff.

W. J. Knight, for defendant.

SHIRAS, District Judge. The plaintiff herein is a citizen of the state of Iowa, residing in Blackhawk county; and the defendant company is a corporation created under the laws of the state of Illinois, and is engaged in operating lines of railway in Iowa under leases from the original owners of the leased lines. The plaintiff brings this action to recover damages, in the sum of $20,000, for personal injuries received while in the employ of the company as a conductor. The summons was served upon a ticket agent of the defendant company. The defendant appears specially, and objects to the court taking jurisdiction of the case on the ground that the defendant company is an Illinois corporation; that the general office and headquarters of the company are located at the city of Chicago, Ill.; that it is not an inhabitant or resident of the state of Iowa, or of the northern district thereof; that the station and ticket agents have only authority to act in connection with the business tributary to the particular station at which they are located; that the defendant company is engaged in operating lines of railway leased from the Dubuque & Sioux City Railroad Company, —an Iowa corporation,—part of which extend into Linn county, Iowa; and that the defendant has in the state of Iowa no office or place of business, except the local freight and ticket offices, and such offices and officials, only, as are necessarily connected with the management of the leased lines. Thus two questions are presented: First, is the case one of which this court can, under any circumstances, take jurisdiction? And, second, is the service sufficient, in case jurisdiction exists?

The plaintiff, when the action was brought, was a citizen of Iowa, residing in the northern district; and the defendant was a corporation created under the laws of the state of Illinois, and, for jurisdictional purposes, is deemed to be a citizen of that state. The case being between citizens of different states, and involving over $2,000, exclusive of costs and interest, it was and is a case within the federal jurisdiction; and, as the jurisdiction is based upon the fact of diverse citizenship, then, under the provisions of section 1 of the act approved August 13, 1888, the action might be brought in the district wherein either the plaintiff or defendant resides. As the plaintiff resided in the northern district of Iowa when the action was brought, the circuit court of the United States of this district could rightfully take jurisdiction of the case, and could exercise jurisdiction over the defendant, provided proper and sufficient service of the summons could be made upon the company. Thus, in Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, the plaintiff was a citizen and resident of the state of Nebraska, and the defendant a corporation created under the laws of the state of Illinois. The defendant pleaded that under the provisions of the act of congress of August 13, 1888, it could not be sued in the district of Nebraska, because it was neither a citizen, resident, nor inhabitant of that state or district; but the jurisdiction was maintained, it being said by the supreme court that:

"Where the jurisdiction is founded upon any of the causes mentioned in this section, except the citizenship of the parties, it must be brought in the

district of which the defendant is an inhabitant; but, where the jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides."

See, also, Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935.

Is the service in this case such that the court thereby obtains jurisdiction over the defendant corporation? It is settled by the decisions of the supreme court that, within the meaning of the acts of congress conferring jurisdiction on the circuit and district courts of the United States, a corporation cannot be deemed to be a citizen, resident, or inhabitant of any state other than that in which it has been created a corporation. Ex parte Schollenberger, 96 U. S. 369; Railroad Co. v. Estill, 147 U. S. 591–610, 13 Sup. Ct. 444. It is equally well settled that a corporation may engage in the transaction of business in other states; and under the provisions of the judiciary act of 1789, and the acts amendatory thereof, down to the act of 1887, it was uniformly held that a corporation might be found in a state other than that of its creation, for the purposes of suit, after the decision of the supreme court in Ex parte Schollenberger, supra. See, also, Railroad Co. v. Harris, 12 Wall. 65; Railway Co. v. Whitton, 13 Wall. 270. These cases recognize the principle that where a corporation of one state engages in business in another state under such circumstances that, by the law of the latter state, the corporation may be sued in the courts thereof, then it may be sued in the federal courts of that state, if the case is otherwise of federal jurisdiction. Does the act of 1887, as amended by that of 1888, change the rule in this particular? The admitted facts in this case show that the Illinois Central Railroad Company is permanently engaged in the railway business in the state of Iowa. Under the provisions of the laws of Iowa, it has been permitted to lease lines of railway in this state, and is now engaged in operating the same, and is thus enjoying, within the state of Iowa, the full exercise of its powers as a corporation created to carry on the business of railroading. By the provisions of chapter 128 of the acts of the 18th General Assembly of the State of Iowa, it is declared that railroad companies created under the laws of other states, and operating lines within this state, "shall have and possess all the powers, franchises, rights and privileges and be subject to the same liabilities of railroad companies, organized and incorporated under the laws of this state, including the right to sue and the liability to be sued, the same as railroads organized under the laws of this state." In Railroad Co. v. Estill, 147 U. S. 591–608, 13 Sup. Ct. 444, the supreme court held that "the principle applicable under such circumstances is that, if the corporation does business in the state, it will be presumed to have assented to the statute, and will be bound accordingly." And in Ex parte Schollenberger, 96 U. S. 369, 376, it is ruled that the statute does not confine the right of suit to courts of the state, but was intended to confer upon the citizens of the state the right to maintain actions against the foreign corporations, and this right might be exercised in any court within the state, either state or federal, which otherwise

would have jurisdiction. Thus, we find it to be the law that the plaintiff, being a citizen of Iowa, has a right to maintain suits for the protection or enforcement of his rights against the Illinois Central Railroad Company in any proper state or federal court exercising jurisdiction in Iowa, and that the company cannot question the jurisdiction because it is a foreign corporation. Having chosen to enter upon the business of railroading in Iowa, it is presumed to have assented to the provisions of the statute of Iowa above quoted, and thereby to have assumed the liability of being sued by the citizens of Iowa in any court lawfully exercising jurisdiction within the state, of which this court is one. Having come within the state for the purpose of exercising its corporate powers in accordance with the provisions of the state statute, it must accept the burden as well as the benefit of the statute. There is nothing in the act of 1887 and 1888 which changes the rule in this particular. Under these statutes, federal jurisdiction, in the sense of the place of suit, can no longer be sustained in a particular district because a defendant might be found therein, as was the rule under the former statutes. Where jurisdiction is now dependent upon the fact of diverse citizenship, the place of bringing suit is limited to the two districts wherein is the residence of the plaintiff and of the defendant.

In such cases the plaintiff may sue in the district wherein the defendant resides, or he may sue in the district of his own residence. In the latter event, to make the right available in the particular case, the defendant must be found, for the purpose of being served with the summons, subpoena, or other process, within the territorial limits within which the process of the court may be lawfully and effectually served upon the defendant. The facts in this case, read in the light of the provisions of the state statute, show that the defendant company was and is to be found in the state of Iowa, in such sense that it may be subjected to suit in the courts, state and federal, exercising jurisdiction within the state. Upon whom, then, may service be lawfully made, in the case of foreign corporations engaged in business in this state? The answer to this question must be sought in the provisions of the statute of Iowa. By section 2611 of the Code of Iowa, it is enacted that:

"If the action is against any corporation or person owning or operating any railway, * * * service may be made upon any general agent of such corporation or person, whenever found, or upon any station, ticket, or other agent of such corporation or person transacting the business thereof in the county where the suit is brought; if there is no such agent in said county, then service may be had upon an agent thereof transacting said business in any other county."

The summons in this case was served upon the ticket or station agent of the defendant company acting for the company in Linn county, Iowa, wherein is situated the city of Cedar Rapids, at which place the sessions of this court are held. It is urged in argument that the station agent is not a general officer of the company, that he acts for the company only at the particular station to which he is assigned, and that his powers are of the most limited character,

and therefore serving notice upon him does not affect the company, nor bind it in any particular. In the absence of a statute, the question whether the relation of the servant to the corporation is such that service upon the former is notice to the latter is frequently one of difficulty, as the common-law rule is that the service must be had upon some officer whose knowledge can be deemed to be the knowledge of the corporation. Hence, we find that the subject is now generally regulated by statutory enactments in the several states. In Insurance Co. v. French, 18 How. 404–408, it is said:

"Process can be served on a corporation only by making service thereof on some one or more of its agents. The law may, and ordinarily does, designate the agent or officer on whom process is to be served. For the purpose of receiving such service, and being bound by it, the corporation is identified with such agent or officer. The corporate power to receive and act on such service, so far as to make it known to the corporation, is thus vested in such officer or agent."

The case involved the validity of service made upon a foreign insurance company doing business in Ohio by service upon an agent, made in accordance with the statute of Ohio. It was held that the company was bound by the statutory service. In the case now under consideration the service was made upon one of the agents of the company designated by the statute of Iowa as an officer upon whom service of process against the corporation might be made; and it must therefore be held that the service was lawful, and effectual against the corporation.

It is further urged on behalf of defendant that, even if jurisdiction exists in this court, the action has been brought in the wrong division of the district; it being claimed that it should have been filed in the eastern divison, wherein the plaintiff resides. In the act of congress of July 20, 1882 (22 Stat. 172), creating the northern and southern districts in the state of Iowa, are found the provisions creating the several divisions, and by section 9 of the act it is provided that:

"All civil suits not of a local nature must be brought in the division of the northern or southern district wherein the defendant or defendants reside. * * * When the defendant is a nonresident of either district, action may be brought in any division of either district wherein the defendant may be found."

In no case, under this statute, is it required that suit must be brought in the divison wherein the plaintiff resides. As the defendant company is not a resident of either district, the plaintiff was at liberty to bring the action in any division wherein the defendant might be found; and as the company, when the suit was brought, was engaged in operating its railway line within the Cedar Rapids division, the suit was properly brought in that division.

The motion to dismiss for want of jurisdiction in the district or division, as well as for alleged lack of legal service, is therefore overruled.