# Harriet Fulton and Anna Fulton, Appellants, *v.* The Commercial Travelers' Mutual Accident Association of America.

*Practice, C. P.—Service of process—Foreign insurance companies—Act of March* 21, 1849.

A return of service under the act of March 21, 1849, P. L. 216, upon a foreign corporation which omits to set forth the character of the agent served, is only prima facie evidence of a good service, and may be rebutted by proof to the contrary.

A return of service on a foreign corporation was as follows: " Served May 20, 1895, by delivering to Dr. T. J. Patterson, agent for The Commercial Travelers' Mutual Association of America, a true and attested copy of this writ and by making known to him the contents thereof." Testimony taken on a rule to set aside the return of service showed that Patterson was merely the physician of the company to examine members who had been injured. *Held*, that the rule should be made absolute.

*Foreign insurance company doing business in this state.*

A foreign insurance company does not do business in this state where no person in the state is authorized to accept applications for insurance, receive or collect money thereon, or to receive or collect money on any other account for the said company, but where all applications are sent direct to the foreign office from which all policies are issued.

Argued Oct. 25, 1895. Appeal, No. 220, Oct. T., 1895, by plaintiffs, from order of C. P. No. 3, Allegheny Co., Aug. T., 1895, No. 55, making absolute a rule to set aside service of process. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to set aside service of process. KENNEDY, P. J., filed the following opinion:

The return of service of summons in this case is in the following words, viz: "Served May 20th, 1895, by delivering to Dr. T. J. Patterson, agent for The Commercial Travelers' Mutual Accident Association of America, a true and attested copy of this writ and by making known to him the contents thereof." The testimony taken on this rule shows conclusively that the person upon whom service of process was made, was in no sense the agent of the defendant company to receive such service. He was simply as his name in the return indicates the physi-

cian or surgeon of the company, whose sole duty it was to examine members of the association who had been injured, when notified so to do, and make report of such examination to the company at its office in Utica, New York. We think the testimony also shows that the defendant was not actually doing business in this state.

All applications for membership were sent direct to the company at Utica in the State of New York, from which place all policies were issued to members, no person here being authorized to accept such applications or receive or collect money thereon, or on any other account, for the company. Plaintiffs' counsel, however, contends that the return here shows a service in conformity with the statutory direction and cannot be set aside on motion; that evidence is inadmissible to contradict the sheriff's return; that if defendant is injured thereby his remedy is by action against the sheriff, and that if the defendant company is not suable in this court, the question can only be raised by a plea to its jurisdiction. In support of his position, and as controlling this case, he cites the Benwood Iron Works v. Hutchinson & Bro., 101 Pa. 359. An examination of that case shows material differences between it and the present one. There was a service upon a proper officer of the company—and no appearance having been entered for the defendant, judgment by default was entered against it for want of appearance and affidavit of defense. The position of the plaintiffs in error was, that it was a foreign corporation, and that the court had no jurisdiction over it by reason of the fact that its officer upon whom service was made was found within the county where suit was brought. No testimony was taken and there was nothing to show that the contract or matter on which the action was founded was not suable in this court, and hence the Supreme Court said that a plea to the jurisdiction was the proper remedy in that case. In this case the service was upon one who was not an officer of the company or in any sense its agent. The testimony clearly shows this, and it also tends to show that the matter on which the action was founded was not suable in this court, the business not being transacted in this state. The question raised here seems to be conclusively decided by the case of Hagerman et al. v. Empire Slate Company, 97 Pa. 534, wherein it was held that a return of service under the act of

assembly of March 21, 1849, which omits to set forth the character of the agent served is only prima facie evidence of a good service, and may be rebutted by proof to the contrary. The return of service in that case was in almost precisely the same words as in this, on motion of the defendants' attorney a rule was granted to show cause why the return should not be set aside. Depositions were taken under this rule which showed conclusively that the person, upon whom service was made, was the agent for defendant company—and for this reason the service was sustained. It will be noted also that the subject-matter of the suit was actionable in this state, it being a scire facias sur mortgage upon property therein situated. That case establishes the principle, that a return of service which, as in the present case, does not set forth the character of the agent served, is presumably good, but may be inquired into, and that depositions may be taken on a motion to set aside the same, and if the presumption of a good service is conclusively rebutted it will be set aside. That principle covers the whole question involved in this case. We see no reason for declining to follow the direction given us in Hagerman v. Empire Slate Company, supra, in order to entertain this suit, and following that direction this rule must be made absolute and the service and return thereof in this case set aside. It is so ordered.

*Error assigned* was above order.

*R. A. Balph, James Balph* with him, for appellants.—The return of service is conclusive between the parties, and if it shows a good service it is error to set it aside upon extraneous evidence: Kleckner v. County of Lehigh, 6 Wharton, 69; Kennard v. R. R., 1 Phila. 41; Nat. Bank v. N. Y. C. & Hudson R. R. R., 8 W. N. C. 252; Kalbach v. R. R., 11 W. N. C. 174; Hagerman v. Empire Slate Co., 97 Pa. 534.

A return the same as the one in this case was held to be good under the act of 1849 in Patton v. Ins. Co., 1 Phila. 396. And that ruling has been accepted ever since. The depositions taken and read on the argument of the rule are no part of the record: Benwood Iron Works v. Hutchinson, 101 Pa. 359; McMicken v. Com., 58 Pa. 213; Hill v. Grant, 49 Pa. 200; Rice v. Groff, 58 Pa. 116; Swift v. Cobb, 10 Ver. 282; Sykes

v. Keating, 118 Mass. 517; Phillips v. Elwell, 14 Ohio, 243; Stewart v. Stringer, 41 Mo. 404; Murfree on Sheriffs, sec. 666; Hagerman v. Empire Slate Co., 97 Pa. 534.

*Lev. McQuiston* and *S. A. Will,* for appellee.—The service in this case as shown by the record was made on an alleged agent of the appellee, but the return does not show it was made on a state agent; nor does it show that the appellee had been in default in appointing such agent, which should be shown by the sheriff's return, before the appellant can make a service under the act of March 21, 1849. Therefore, the return of the service is not conclusive but only presumably so, and which presumption can be established or rebutted upon depositions taken upon the rule to strike off such service, as was done in this case: Liblong v. Fire Ins. Co., 82 Pa. 413; Werron v. Life Ins. Co., 166 Pa. 112; Kennedy v. Agricultural Ins. Co., 165 Pa. 179; Busch v. The World Mut. Benefit Assn., 4 Dist. Rep. 175.

The word "agent," within the meaning of the act of 1849, is a generic term, and when the return omits to set forth the character of the agent served, namely, the agent designated to receive service as required by the act of 1873 and its supplements of 1883, it cannot be held to be conclusive.

Per Curiam, November 4, 1895:

All that need be said in vindication of the correctness of the decree setting aside the service of the writ in this case, will be found in the clear and concise opinion of the learned president of the common pleas; and on it the decree is affirmed and appeal dismissed with costs to be paid by appellants.