NICKERSON v. WARREN CITY TANK & BOILER CO.

(District Court, E. D. Pennsylvania. June 15, 1915.)

No. 3414.

1. PROCESS ☞164—SERVICE—RETURN—AMENDMENT.
    In determining the validity of a default judgment, the record may properly be closely scrutinized to see that there was a valid service on defendant; but where defendant has actual knowledge of the issuance of the writ, and has specially appeared for the purpose of questioning its propriety and sufficiency, defendant should be required to stand upon its legal rights, and if the service was in fact proper, and legally sufficient, the return should not be set aside for mere informality, without an opportunity to amend it in conformity with the facts.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 176, 239–248; Dec. Dig. ☞164.]

2. PROCESS ☞64—SERVICE—REQUISITES OF VALID SERVICE.
    To constitute a good service of process, defendant must be actually or constructively present within the jurisdiction, and the service must be made in the legal mode or manner prescribed.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 55, 56, 76–82; Dec. Dig. ☞64.]

3. PROCESS ☞141—SERVICE—RETURN—OPERATION AND EFFECT.
    Whether it was the defendant who was served with process, or whether he was in fact served, is to be determined in the first instance by the marshal or other officer, and the fact, at least prima facie, must be as returned by him.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 189–192; Dec. Dig. ☞141.]

4. PROCESS ☞141—SERVICE—RETURN—OPERATION AND EFFECT.
    The old rule, that for the purpose of bringing defendant into court the sheriff's return was conclusive and must be accepted as a verity, has been somewhat relaxed, and the present tendency is to permit an inquiry into the real facts, and to allow the return to stand or to set it aside in accordance with the facts as found by the court.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 189–192; Dec. Dig. ☞141.]

5. COURTS ☞344—UNITED STATES COURTS—CONFORMITY TO STATE PRACTICE.
    The federal courts must determine for themselves the fact of defendant's presence within the jurisdiction, and may or may not follow the rulings of the state courts.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ☞344.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. COURTS ⬦⇒344—UNITED STATES COURTS—CONFORMITY TO STATE PRACTICE.
    State statutes creating a constructive presence within the jurisdiction for the service of process, such as acts providing for service upon the registered agents of foreign corporations, apply to the service of process of the United States courts.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬦⇒344.]

7. COURTS ⬦⇒344—UNITED STATES COURTS—CONFORMITY TO STATE PRACTICE.
    When defendant's presence within the jurisdiction of the court is not in dispute, and only the mode or manner of the service is in question, a service in accordance with the state statute is good.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬦⇒344.]

8. CORPORATIONS ⬦⇒668—ACTIONS AGAINST FOREIGN CORPORATIONS—SERVICE OF PROCESS.
    Foreign corporations may be sued where they are doing business, and process may be served upon the agent who there acts for and represents them, since corporations can only do business in foreign jurisdictions with the express or implied consent of the state in which they do such business, which consent may be given upon condition that they be amenable to process, and this condition may be implied.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⬦⇒668.]

9. CORPORATIONS ⬦⇒642—ACTIONS AGAINST FOREIGN CORPORATIONS—SERVICE OF PROCESS—"DOING BUSINESS."
    A corporation was in the business of constructing and erecting oil tanks, which, when practicable, were constructed at its main works in the state of its incorporation and shipped in charge of its employés, who erected them in the place of their location; the man in charge there employing such labor as might be required. Held, that it was doing business in a district where it erected such a tank, so as to be subject to suit there for injuries sustained in erecting such tank, though it was not registered as doing business in that state.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. ⬦⇒642.

    For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

10. CORPORATIONS ⬦⇒668—ACTIONS AGAINST FOREIGN CORPORATIONS—SERVICE OF PROCESS.
    The foreman in charge of the work of erecting such a tank in a state other than that of its incorporation was the corporation's agent upon whom process might be served under the statutes of Pennsylvania, though service upon a mere workman charged with no representative responsibilities would not be sufficient.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⬦⇒668.]

11. PROCESS ⬦⇒164—SERVICE—RETURN—AMENDMENT.
    Where the return of service upon the foreman in charge of the work of erecting such a tank described him merely as foreman, it might be amended to show that he was the agent of the corporation in charge of its business.

    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 176, 239–248; Dec. Dig. ⬦⇒164.]

At Law. Action by Charles Nickerson against the Warren City Tank & Boiler Company. On motion to set aside service of writ. Leave to amend return granted, and rule discharged.

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. D. MacDade, of Chester, Pa., for plaintiff.

A. D. Wiler, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] The defendant is an Ohio corporation, unregistered in Pennsylvania. The action is to recover damages for injuries sustained here. The witnesses are here. These and other obvious considerations make this the natural and convenient jurisdiction in which to try the issues likely to be raised. Unless, however, the defendant was in fact amenable to the service of the process of the court, and the service as returned is found to have been sufficient, the plaintiff, however inconvenient it may be, must seek the defendant within that jurisdiction in which it can be found and may be served. One other broad generalization may be made. Whenever the question of service is raised in determining the validity of a judgment obtained by default and without notice in fact to the defendant, and because of this without opportunity to present the defense, the record may properly be closely scrutinized to see that there was valid service. Whenever, however, the defendant has actual knowledge of the issuance of the writ, and has specially appeared for the purpose of raising the question of the propriety of the service, or of compliance with the formalities of a return of service, the defendant should be required to stand upon his legal rights, and if the service was in fact proper and legally sufficient, the return should not be set aside for mere informality, without an opportunity being afforded for its amendment in conformity with the facts.

[2-4] Two facts are essential to a good service of process. One is the actual or constructive presence of the defendant within the jurisdiction. The other is a service made in the legal mode or manner prescribed. The motion in this case challenges the existence of both of these necessary facts. It asserts, first, that defendant was not here to be served; and, secondly, that the mode of service as returned was unauthorized by law, and the return thereof insufficient. The answer avers the presence of the defendant and maintains the sufficiency of the return. The basis of a return of service thus being a fact or facts, there is in every question of its sufficiency the accompanying query of how the facts are to be determined and by whom they are to be found. Take the case of a defendant returned as served and without other complicating circumstances. The one fact here is the simple one of whether it was the defendant who was served, or whether he was in fact served. Necessarily, in the first instance, at least, the marshal or other officer must determine the fact. This finding he makes in his return. Necessarily, again, the fact, at least prima facie, must be as returned. If the fact be challenged, and the real defendant denies he was served, we come to the intermediate query of how the question of fact can be raised or the remedy at the command of a defendant so circumstanced. One remedy which suggests itself is an action against the marshal for a false return. Another is a plea in abatement. Still another, at least possible one, is a motion to quash the return or to set aside the service. Out of the choice of possible remedies arises this preliminary question. The earlier cases in Pennsylvania laid down the doctrine that the return of the sheriff could not be questioned, but for

the purpose of bringing the defendant into court was conclusive, and, as it must be accepted as verity, the defendant was remitted to his plea in abatement or his action for a false return. This rule has, however, latterly been somewhat relaxed, and the principle has been modified, at least to the extent that where the return of the sheriff is not in itself complete, in the sense of not being wholly self-supporting, there a motion would be entertained, and the facts inquired into and determined by the court. This modification implied the converse, that when the return is complete and self-supporting, the old rule still pertains. The rulings have nevertheless shown a drift, and the courts avow it in the direction of permitting an inquiry into the real facts, and allowing the return to stand or setting it aside in accordance with the facts as found by the court. Park Bros. v. Oil City Boiler Works, 204 Pa. 453, 54 Atl. 334; Fulton v. Association, 172 Pa. 117, 33 Atl. 324; Hagerman v. Empire Slate Co., 97 Pa. 534.

[5, 6] This is the attitude of the courts of the United States. The fact of the presence of the defendant within the jurisdiction they determine for themselves, and in determining it they may or may not follow the rulings of the state courts. The statutes of the states creating a constructive presence within the jurisdiction for process service, such as acts providing for service upon the registered agents of foreign corporations, are held to include service of process by the courts of the United States. Schollenberger Case, 96 U. S. 369, 24 L. Ed. 853; Lafayette Co. v. French, 59 U. S. (18 How.) 404, 15 L. Ed. 451.

[7] When the fact of the presence of the defendant is not in dispute, and only the mode or manner of the service is in question, a service in accordance with the requirements of the state statutes is a good service. Dinzy v. Railroad (C. C.) 61 Fed. 49.

[8] The presence of an individual defendant is a manifest fact. The presence of a corporation as an entity is not so manifest. It may in its charter of incorporation declare the place of its domicile and its residence, in the sense of its principal office or place of business. Its presence otherwise is not manifested, except by its officers or agents. Strictly speaking, a corporation does not migrate when its officers move into another jurisdiction. It would follow from this that it could be sued only in the state of its incorporation. It is a well-known fact, however, that many corporations do business in foreign jurisdictions. They can only do this with the consent, express or implied, of the state in which they are thus found. This consent may be given upon condition that they be amenable to process where their business is transacted. This condition may likewise be implied. Out of this we get the principle that foreign corporations may be sued where they are doing business, and process may be served upon the agent who there acts for and represents them. Such agent must not merely be in the jurisdiction, but he must also be there acting for the corporation. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222.

The real question, therefore, is whether the corporation is doing business in the jurisdiction in which the process issues. The defendant in the instant case denies that it was thus doing business here, and refers us (among other cases) to Green v. Chicago R. R. Co., 205 U.

S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, as ruling the question in its favor. The return there set forth a service upon the corporation, the fact that the corporation was doing business within the district, and the mode of service as one upon an agent. Without defining what constitutes "doing business" within the district, the court held that under the facts of that case the corporation was not "doing business" in the sense of being amenable to the service of process.

[9-11] The difference in the facts of the case cited and those of the case at bar obtrudes itself upon the mind. Here the defendant company was incorporated for and engaged in the business of constructing and erecting oil tanks. Its business is large and territorially widely distributed. When practicable, the tanks were constructed at its main works in the state of its incorporation, and when to be erected in another state were there shipped in charge of its employés, who erected them in the place of their location; the man in charge there employing such labor as might be required. The tank might be shipped in its entirety or in sections, according to size and other circumstances of convenience, and its construction completed at the place of erection. The defendant had made a contract to construct and erect a tank within this district. It was here in the performance of its contract and for the purpose of doing the work it had contracted to do. It was therefore here doing the very thing which it was incorporated to do, and was therefore in the most emphatic practical sense "doing business" in this district. It was also here in the sense that by its act the plaintiff was here injured (if it be the fact that he was so injured). Being here, in this double sense of doing here what it could not do if not here, it is difficult to reconcile our minds to the conclusion that it is not here in the sense of being here answerable for the acts which it has here performed. Its tangible presence here could only be made manifest in the persons of those who were here acting for it. Such persons must in this sense be considered the representatives of and agents for the corporation. Under the proofs such representative and agent was the man who has been designated as "foreman in charge of the work."

The defendant being thus here to be served, we come to the mode of service. If the process had issued from a state court, this would send us to a consideration of the statutes. As already found, a mode of service in conformity with the statutes would be a good service. A reference to them discloses that there are provisions applicable (among other things) to defendants according to their differing characters. A mode of service is provided for individual defendants and corporations, both domestic and foreign. The modes of service are various and sometimes in the alternative. The general practice act of 1901, with its amendments, provides for service upon resident individual defendants and upon domestic corporations and foreign corporations having registered agents for process service. There are older acts providing for service upon unregistered foreign corporations. We are unable to find that the general practice act repeals these earlier statutes. Where it provides a mode of service, such mode under the law of Pennsylvania is doubtless exclusive. Where it is silent, the older provision

may well remain unaffected. All legal questions which arise in the progress of a cause have their practical side, sight of which should not be lost. All the provisions of the Pennsylvania statutes requiring foreign corporations to register as a condition of here doing business recognize the fact that they may be doing business here without a compliance with the law. If they comply with the law, a mode of service is provided which, for their protection, then becomes an exclusive method of service. If without a compliance with the law they do business here, they should be made answerable to process here, and not be permitted to escape responsibility, because by their own act they have made the mode of service provided for their benefit impossible. They should still be protected from the consequences of a possible judgment against them without the opportunity of defense; but the question of service should be made to turn upon the fact of service, and not upon any mere choice of verbiage. The Pennsylvania statutes provide for service upon foreign corporations doing business within the state by service made upon the agent here representing and acting for them in the business they are here doing.

Under the authority of Green v. Railroad, above cited, the fact being that the defendant was here doing business, service upon its agent in charge of the business it was here doing would have been a good service. The man upon whom the service was made was such agent, and the service in matter of fact and substance a real service upon the corporation. The only question which can arise is as to the formal correctness of the return. This is under the facts a mere choice of verbiage. The return describes the person served as "foreman." Service upon one who was a mere workman employé, charged with no representative responsibilities, and having neither authority nor sense of obligation to act for his employer, would not be service upon the principal in fact, and would be a mode of service fraught with too much danger of injustice to sanction. Where, however, the person served is in responsible charge of the work which an unregistered foreign corporation is doing, and is such a person as that the corporation has no one to act for and represent it, unless such person is its agent and representative, it is not going further than the ends of justice require to hold that service upon the one clothed with such powers and authority is service upon the corporation. Such a case the facts show the present case to be.

Leave is therefore granted to amend the return, by showing the service as made to have been made upon the "agent" of the corporation in charge of its business, and, upon this amendment being made, the rule to set aside the service is discharged.