DRESSEL et al. v. NORTH STATE LUMBER CO., Limited.

(District Court, E. D. North Carolina. March 11, 1901.)

BANKRUPTCY—JURISDICTION OF PROCEEDINGS—CORPORATIONS.

A district court has jurisdiction of proceedings in bankruptcy against a corporation which carries on the business for which it was incorporated and has its property and assets entirely within the district, notwithstanding its incorporation in another state, and a provision in its articles of association that its principal office shall be at a place named in such state.

In Bankruptcy. On demurrer to petition for want of jurisdiction.

Graham & Graham, for petitioners.

Guthrie & Guthrie and Manning & Foushee, for respondent.

PURNELL, District Judge. Petition asking for the adjudication of the North State Lumber Company, Limited, alleges that said company is a corporation organized and existing under the laws of the state of Michigan as a co-partnership association, and has for the greater portion of six months next preceding the filing of the petition had its principal place of business in this district, and for the greater portion of six months preceding the filing of the petition resided in and had its domicile in Durham, N. C., and engaged in manufacturing, etc.; that petitioners have provable claims against such corporation amounting to more than $500; that such corporation is insolvent, and has committed an act of bankruptcy by making and executing a general assignment to Leo D. Heartt, trustee. Other matters stated in the petition are not material to the question now under consideration. Leo D. Heartt, trustee, upon the service of a subpoena and restraining order, entered a special appearance and plea to the jurisdiction of the court, setting out in his answer the articles of co-partnership association recorded in the office of the register of deeds in and for the county of Wayne, state of Michigan, by which it appears that John R. Cockran, of New York City, Chas. F. Griffin, of New York, and James M. Phelps, of Detroit, Mich., constituted the parties subscribing to the stock of $100,000, and that the capital of such association consisted exclusively of real estate and timber rights valued at $100,000, located in Wake county, N. C.; that the business of the association was manufacturing and selling lumber, timber, and other forest products, etc.; that the principal office of said association was to be located and maintained in Detroit, Mich., and such branch offices at such other points as might be found necessary; naming the parties above as officers of the corporation, and providing for a regular annual meeting of the members of the association at Detroit, Mich. On the return day, at 9 a. m., the North State Lumber Company, Limited, by I. N. E. Allen, treasurer, and Edward A. Pierce, secretary, filed an answer admitting the inability of the said corporation to pay its debts, and its willingness to be adjudged bankrupt, and alleging that the assignment to Leo D. Heartt was obtained under duress by the bank for the benefit of which said assignment was made, and admitting each allegation in the petition. On the same day, at

11:15 a. m., the hour at which the cause was set down for hearing, the said North State Lumber Company, Limited, by John R. Cockran, styling himself president or chairman thereof, filed a demurrer to the jurisdiction of the court, and admitting certain allegations in the petition not necessary now to consider. The question argued and to be determined on this hearing arises at the threshold of the case, to wit, has this court jurisdiction over the subject-matter? It is a mistake to say that the act of 1898 was not intended to confer on the district court of the United States any jurisdiction in addition to that possessed by other federal courts. It is essentially a different and wider jurisdiction than that possessed by circuit courts, and is not dependent on or determined by diversity of citizenship, as in suits in equity or actions at law in the circuit courts. General principles apply, and govern this jurisdiction in many respects, but the jurisdiction of both courts, being statutory, must be determined by the different statutes conferring jurisdiction. The question argued that a corporation is a citizen of the state which created it is too well established to require a citation of authority, and, if the jurisdiction was dependent alone on the citizenship of the alleged bankrupt, this court would have no hesitancy in dismissing the petition. The corporate entity of the alleged bankrupt is conceded by all parties. These questions may, then, be put out of consideration. It is the jurisdiction of the district court as a court of bankruptcy which is questioned and must be determined, and for this the statute must be looked to.

Section 1 of the bankruptcy act defines "corporations" to mean "all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association"; and subdivision 19 of the same section, " 'persons' shall include corporations, except where otherwise specified," etc. Section 2 of the bankruptcy act, in defining jurisdiction of the courts of bankruptcy, provides: "May adjudge persons (corporations) bankrupts who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof, or who do not have their principal place of business, reside, or have their domicile within the United States, but who have property within their jurisdiction, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States and have property within their jurisdictions." This section is more explicit and comprehensive than like provisions in former bankruptcy laws. The jurisdiction is not dependent alone on residence, principal place of business, or domicile, but upon either or all three. A proceeding in bankruptcy partakes both of a proceeding in rem against the estate and a proceeding in personam against the bankrupt. The court of bankruptcy acquires jurisdiction of the former upon the filing of a petition in an involuntary proceeding, but of the bankrupt not until the adjudication. If the adjudication is refused, the jurisdiction of the estate fails and terminates; the petition is dismissed,

with costs and damages, if damages are found. While it is stated in the articles of association that the home office of the corporation shall be at Detroit, Mich., it is shown by the same articles that the principal place of business, all the assets of the corporation, manufacturing plant, and business office were located at Durham, in the Eastern district of North Carolina. The corporation has no assets, as it appears, even amounting to a seal, in any other place, except Durham, N. C., where the seal was affixed to the general assignment complained of, and the adjoining county of Wake, N. C., where the timber rights are located,—all within this district. It would be an anomalous construction of the law, and defeat one of the purposes of the bankruptcy act, to hold that by the mere assertion in the articles of association a corporation can fix its principal office in one state or district, when in fact all of its property is located and its business transacted in a distant district, and thus escape the jurisdiction of the courts of both districts. This would be to open wide the doors for fraud, which could have never been intended by the congress of the United States; but, as held by Judge Brown, of the Southern district of New York, in Re Marine Machine & Conveyor Co. (D. C.) 91 Fed. 630, 1 Am. Bankr. R. 421, the principal place of business fixes the jurisdiction of the courts of bankruptcy. This holding is strengthened when the assets are all within the same jurisdiction with the principal place of business. Under the circumstances in this case as stated, the principal place of business of the alleged bankrupt corporation is held to be in the Eastern district of North Carolina. The demurrer and the pleas to the jurisdiction are overruled. This court has and will retain jurisdiction of the subject-matter. That the assignment set out in the petition and admitted in the answer is an act of bankruptcy, within the meaning of the statute, is too well settled to cause any hesitancy in so declaring. George M. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.

The restraining order will therefore be continued in full force until the further order of this court. The demurrer is overruled, and attorneys for petitioners notified to proceed, if so advised, to furnish proof or take depositions on the issues of fact raised by the pleadings; and this cause is held for further hearing.