In re MAGID–HOPE SILK MFG. CO.

(District Court, D. Massachusetts.   August 7, 1901.)

No. 4,646.

1. BANKRUPTCY—JURISDICTION—CORPORATIONS.
   Under Bankr. Act 1898, § 2 (1), providing that a district court may adjudge persons bankrupt who have their principal place of business, reside, or have their domicile within the district, and section 1 (19), providing that "persons" shall include corporations, except where otherwise provided, a court has jurisdiction of an involuntary petition against a corporation having its principal place of business, as distinct from its residence or domicile, within the district.

2. SAME—SERVICE.
   Service in bankruptcy proceedings against a foreign corporation being on the commissioner of corporations of the state, appointed attorney of the corporation to receive service of process in the state, is sufficient.

In Bankruptcy.

M. L. Sanborn and Southard & Parker, for petitioning creditors.
J. W. Keith and M. M. Weston, for objecting creditors.

LOWELL, District Judge. This is an involuntary petition filed against a corporation established under the laws of the state of Maine. For the present purposes of the case, it may be taken that the business of the corporation was in fact carried on altogether in Massachusetts. Certain creditors, appearing to object to the adjudication, have pleaded to the jurisdiction of this court.

The bankrupt act, by express terms, gives this court jurisdiction. Section 2 (1) provides that this court may "adjudge persons bankrupt who have had their principal place of business, reside, or have their domicile" within this district for the time specified. Section 1 (19) provides that "'persons' shall include corporations, except where otherwise specified." Taken together, these two sections give this court jurisdiction of an involuntary petition against a corporation, which, for the necessary time, has had its principal place of business,

as distinct from its residence or domicile, within this district. No sufficient reason appears to disregard the plain language of the act. In re Marine Machine & Conveyor Co. (D. C.) 91 Fed. 630; Dressel v. Lumber Co. (D. C.) 107 Fed. 255. There is no decision in favor of doing so. In Re Elmira Steel Co., 5 Am. Bankr. R. 484, the corporation in question had its principal place of business in the Western district of New York, and in that district the earlier petition in bankruptcy against it was filed. Its office in Pennsylvania seems to have been merely a branch office. The adjudication in Pennsylvania probably was otherwise irregular. On the other hand, it is matter of common knowledge that corporations are established under the laws of the state of Maine for the sole purpose of doing business outside that state, and the corporation here in question appears to have been one of that class.

The respondents further objected that no valid service was obtained upon the debtor. Service was made upon the commissioner of corporations of Massachusetts, who, by a duly-executed instrument, had been appointed the attorney of the corporation to receive service of process within this state. If this court has jurisdiction here over the debtor petitioned against, sufficient service of the petition was obtained. In Pacific Co. v. Denton, 146 U. S. 202, 207, 13 Sup. Ct. 46, 36 L. Ed. 945, Mr. Justice Gray said of an agreement to accept service no more comprehensive than this:

"It might likewise have subjected the corporation to the jurisdiction of a circuit court of the United States held within the state, so long as the judiciary acts of the United States allowed it to be sued in the district in which it was found. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Insurance Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379; In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991."

The plea to the jurisdiction is therefore overruled, and the respondents may plead to the merits within 10 days.