## In re NORTON.

(District Court, N. D. New York. October 29, 1906.)

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—SERVICE ON DEFENDANT.

Under Bankr. Act July 1, 1898, c. 541, § 18, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], which provides that on the filing of a petition for involuntary bankruptcy "service thereof with a writ of subpœna shall be made upon the person therein named as defendant in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States, * * * but in case personal service cannot be made then notice shall be given by publication, * * *" where the defendant is temporarily absent from the district, but has his dwelling house or usual place of abode therein, valid service may be made by leaving a copy of the petition and subpœna at such dwelling, "with some adult person who is a member or resident in the family," as authorized in equity suits by equity rule 13; that being a personal service within the meaning of the statute.

In Bankruptcy. Motion to quash the writ of subpœna issued herein and to dismiss the proceeding, upon the ground that no proper service of the subpœna herein has been made.

Brown, Carlisle & McCartin (William H. Sullivan, of counsel), for the motion.

P. C. J. De Angelis, opposed.

RAY, District Judge. The return of service states as follows:

"I hereby certify and return that I have served the annexed subpœna and petition on the therein named Fred H. Norton, by handing a duplicate petition to and leaving a true and correct copy of said subpœna with the wife of Fred H. Norton, a person of adult age, at his dwelling house and usual place of abode, personally at Gouverneur in said district, on the 12th day of October. A. D. 1906. C. D. MacDougall, U. S. Marshal, by E. C. J. Smith, Deputy."

The affidavits used on this motion show, and the facts are not disputed, that Matilda G. Norton is and then was the wife of the above-named Fred H. Norton, a person 21 years of age, and that the service of the subpœna and petition was made upon her at the residence of Fred H. Norton in Gouverneur, N. Y., in the Northern district of New York, on the 12th day of October, 1906, by giving to and leaving with her a duplicate of the petition and a correct copy of the subpœna, and that at the time of such service her husband, Fred H. Norton, the alleged bankrupt, was in Sumerville, N. J., for his health, and had been there from about November 1, 1905, for that purpose. There is no pretense or claim that he was not a bona fide resident of the state of New York, or that service was not made in the manner aforesaid at his actual place of residence in the Northern district of New York; his presence in New Jersey at the time being merely temporary and for his health.

Up to the present time no notice has been given by publication in the manner and for the time as provided by law for notice by publication in suits in equity in courts of the United States. The contention is that, as there has been no personal service of the petition and subpœna upon the bankrupt within the Northern district of New York, and no such personal service can be made by reason of his absence from the district, there has been no service as required by section 18 of the act to establish a uniform system of bankruptcy throughout the United States (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), and that therefore the subpœna should be quashed and the proceeding dismissed. Section 18 of the bankruptcy law referred to, and providing for the service of the process and pleadings in bankruptcy proceedings, reads as follows:

"Sec. 18. Process, Pleadings, and Adjudications.—a. Upon the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpœna, shall be made upon the person therein named as defendant in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States, except that it shall be returnable within fifteen days, unless the judge shall for cause fix a longer time; but in case personal service cannot be made, then notice shall be given by publication in the same manner and for the same time as provided by law for notice by publication in suits in equity in courts of the United States."

Rule 13 of rules of practice for the courts of equity of the United States reads as follows:

"The service of all subpœnas shall be by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling house or usual place of abode of each defendant, with some adult person who is a member or resident in the family."

By the act referred to the Supreme Court of the United States was authorized to make general rules and orders in bankruptcy and to prescribe forms, and by general order 3 it is provided that "all process, summons and subpœnas shall issue out of the court under the seal thereof and be tested by the clerk."

Form 4, adopted by the Supreme Court for "order to show cause upon creditors' petition," provides as follows:

"Upon consideration of the petition of ———— that ———— be declared a bankrupt, it is ordered that the said ———— do appear at this court, as a court of bankruptcy, to be holden at ————, in the district aforesaid, on the ———— day of ————, at ———— o'clock in the ————noon, and show cause, if any there be, why the prayer of said petition should not be granted; and

"It is further ordered that a copy of said petition, together with a writ of subpœna, be served on said ————, by delivering the same to him personally, or by leaving the same at his last usual place of abode in said district, at least five days before the day aforesaid."

It is contended that, while under the provisions of the rule quoted the service made would be good, still section 18 of the act also quoted above modifies the rule so that, in case personal service of the subpœna and petition cannot be made upon the bankrupt himself, then there must be notice by publication in the same manner and for the same time as provided by law for notice by publication in suits in equity in the courts of the United States. If this be so, section 18 is unnecessarily prolix and confusing.

If it had been intended that there should be notice by publication in all cases where personal service upon the alleged bankrupt could not be obtained, the act would have so stated in direct and explicit terms. It would have provided that service of such process and petition should be made personally upon the bankrupt, or, in case personal service could not be made, then by publication in the same manner notice is given by publication in suits in equity in the courts of the United States. This was not done by the act, but it was provided that service shall be made upon the person named in the process in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States, and that mode of service as prescribed by the rule is that the subpœna is to be served by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling house or usual place of abode of the defendant with some adult person who is a member of or resident in the family. In short, if the defendant is not at his dwelling place or usual place of abode, service upon him is made when a copy is left there with some adult person who is either a member of or a resident in the family. Either mode of service is service upon the defendant, and the service is complete when that act is done. Section 18 is satisfied when, under the circumstances stated, that is, the defendant is absent, a copy is delivered to and left with some adult person who is a member of or resident in the family. The process to be served has then been personally delivered to and left with a designated person. However, section 18 further provides as follows: "But in case personal service cannot be made then notice shall be given by publication," etc. It will be noticed that section 18 does not say, "But in case personal service cannot be made upon the defendant," as would have been done had Congress intended that service should be made by publication in all cases where personal service cannot be obtained upon the defendant himself. The personal service here referred to is personal service either upon the defendant himself or a personal delivery of the process and pleading to "some adult person who is a member or resident in the family." Of course the service and delivery must be at the dwelling house or usual place of abode of the defendant.

It is said that service by delivering to some adult person who is a member of or resident in the family is not a personal service upon the defendant. This is quite true. But it is a personal service upon the person designated as the one to whom the subpœna and petition may be delivered, and which service is a good service on the defendant and equivalent to a delivery to the defendant himself. Strictly speaking, this is a service by substitution upon the defendant, but it is a good service. Section 18 intended that, in case the defendant or alleged bankrupt cannot be found, or is not found within the district, and no adult person who is a member or resident in the family of the defendant can be found at the defendant's dwelling house or usual place of abode, then notice is to be given by publication, not otherwise. It would have been better to have said in section 18 that, in case personal service cannot be made on either the defendant or some adult person who is a member or resident of his family at his residence

or usual place of abode, then notice shall be given by publication, etc. But this was not done, and section 18 is to be construed in the light of the rule and of the reading of the entire section, and also in the light of the construction placed upon this section by the Supreme Court of the United States when it formulated and prescribed form 4, which prescribes an order as to the mode and manner of the. service of the petition and writ of subpœna upon the alleged bankrupt. Either mode of service is good—personal service in the district, or service by leaving the same at his dwelling house or usual place of abode in the district with some adult person who is a member of or resident in the family, if at the time of service he has such place of abode or dwelling house, and such adult person is there found.

This question under this statute has been passed upon in accordance with the views above expressed in the district of Massachusetts by Lowell, District Judge, in Re Risteen (D. C.) 122 Fed. 732. In that case service was made by leaving a duplicate of the petition with a copy of the subpœna with the clerk of the hotel of which the bankrupt was proprietor and where he usually resided. The bankrupt was absent in another town sick and unconscious, and he died two days later without regaining consciousness. The service was held good.

The same views are held in Loveland on Bankruptcy (2d Ed.) § 73, p. 205; also in Brandenburg on Bankruptcy (3d Ed.) §§ 452, 453, pp. 293, 294. Brandenburg states, in substance, that the service must be, where the alleged bankrupt is absent, at the existing present dwelling house or the existing present usual customary place of abode of the alleged bankrupt, and he says:

"However, if inquiry at the last and usual abode of an alleged bankrupt elicits no information as to his present whereabouts, beyond the fact that he is not in, service is sufficiently made by leaving the papers with some adult person who is a member of or resident in the family, stating that they are for the bankrupt."

He cites, as sustaining these views, In re Derby, 8 N. B. R. 106, Fed. Cas. No. 3,815; Ala. & Chatt. R. R. Co. v. Jones, 5 N. B. R. 97, Fed. Cas. No. 126. Brandenburg, in section 453, says:

"Service by publication is only authorized where the party to be served cannot be found, or his place of residence ascertained."

He cites Stuart v. Hines, 33 Iowa, 60. It would seem that there should be added to this the further statement that service by publication is authorized where no adult person who is a member or resident of his family can be found at his last place of residence when that is ascertained.

I do not think it was intended to provide that service by publication must be made where the bankrupt has a place of residence within the district where the proceeding in bankruptcy is instituted, and an adult person who is a resident or member of his family can be and is found there, and service is there made on such person, if the alleged bankrupt himself is temporarily absent from the district so that personal service cannot be made upon him within the territorial jurisdiction of the court. To repeat, the personal service referred to in section 18 is not personal service upon the alleged bankrupt himself, but personal

service upon any of the persons mentioned in the rule upon whom service is permitted as the equivalent of service upon the alleged bankrupt himself. To hold otherwise would prevent valid service on a foreign corporation, otherwise than by publication, when it has within the district where the proceeding is instituted a designated attorney or person upon whom service of process may be made. In a bankruptcy proceeding it has been held that service on such a corporation is good if made on its duly-appointed attorney to receive such service. In re Magid-Hope Silk Mfg. Co., 6 Am. Bankr. R. 610, 110 Fed. 352.

The motion to quash and dismiss is therefore denied.