In re GURLER & CO. et al.

In re HUNTER, WALTON & CO.

(District Court, N. D. Iowa, Cedar Rapids Division. June 5, 1916.)

No. 851.

1. BANKRUPTCY ⬡⟶91(2)—INVOLUNTARY BANKRUPTCY—ADJUDICATION—EVIDENCE.

In involuntary bankruptcy, evidence *held* sufficient to show that bankrupts' principal place of business was within the district where they were adjudicated bankrupts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 138; Dec. Dig. ⬡⟶91(2).]

2. BANKRUPTCY ⬡⟶15—PROCEEDINGS—JURISDICTION.

Though the members of a firm who were adjudicated bankrupts resided in another district, the court of the district wherein their principal business was carried on has jurisdiction to adjudicate them bankrupts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. ⬡⟶15.]

In Bankruptcy. In the matter of the bankruptcy of Gurler & Co., a copartnership composed of G. H. and C. H. Gurler. Petition by Hunter, Walton & Co., a copartnership, to set aside the order of adjudication and dismiss the proceedings. Petition denied.

Deacon, Good, Sargent & Spangler, of Cedar Rapids, Iowa, for original petitioning creditors.

Merrick A. Whipple, of Chicago, Ill., for Hunter, Walton & Co.

REED, District Judge. An involuntary petition in bankruptcy was filed against the bankrupts on October 2, 1915, upon which they were in due time adjudged bankrupts. It is alleged in the petition that the bankrupts, for the greater portion of the six months immediately preceding the filing of the petition, had their principal place of business at Cedar Rapids, Linn county, within the jurisdiction of this court, and that they had absconded, so that personal service of the subpoena could not be made upon them, and an order for the publication of the subpoena as authorized by the Bankruptcy Act was asked for and granted. The order fixed October 30, 1915, as the return day, and was published in the paper designated in the order, and, the bankrupts not appearing or pleading to the petition within the time fixed in the order, they were on November 5, 1915, adjudicated bankrupts.

On January 23, 1916, Hunter, Walton & Co., of Chicago, a copartnership, claiming to be creditors of Gurler & Co., filed a petition asking that the adjudication of Gurler & Co. as bankrupts be set aside and the proceedings dismissed, for the reason, as alleged, that at the time of the filing of the petition in bankruptcy against them, and during the greater portion of the six months immediately prior thereto, the principal place of business of said bankrupts was in the city and county of De Kalb, in the Northern district of Illinois, and not in Cedar Rapids, or Linn county, within the Northern district of Iowa, and that because of this the court had and has no jurisdiction of this proceeding. Some

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

other allegations are made which challenge the sufficiency of the order requiring the defendants to appear and plead, and the publication of such order, to confer jurisdiction upon this court of the proceedings against the bankrupts; but the ground mainly relied upon is that the principal place of business of the bankrupts at the time of the filing of the petition was, and for six months or more prior thereto had been, in the Northern district of Illinois, and not in Iowa. The petitioning creditors answered, denying the allegation of the petition to set aside the adjudication and dismiss the proceedings, and reaffirmed the allegations of the petition in bankruptcy. The testimony upon the issues so formed was taken in shorthand in open court, but no transcript thereof has been made or filed in this proceeding. Only the conclusion reached from the testimony so taken can now be stated.

[1] The testimony shows without dispute that for more than six months immediately prior to the filing of the petition in bankruptcy Gurler & Co. had been engaged in the butter and cream business at Cedar Rapids, in the Northern judicial district of Iowa, where it had a factory and gathered milk and cream from a large territory around Cedar Rapids, and there manufactured it into butter, and shipped most of it to Eastern markets, and transacted the larger part of its business and kept full accounts thereof, and incurred the larger part of its indebtedness; one member of which firm regularly visited Cedar Rapids, and there had general charge and management of its business at that place, through a manager or superintendent, who had charge of the details of such business, for more than six months prior to the filing of the petition in bankruptcy. The actual residence of the individual members of the copartnership, however, was in De Kalb county, Ill., where it was also engaged in the butter and cream business, and kept a storage room, where some of its manufactured product was kept for shipment to market when sold; but the larger part and greater volume of its business was done at Cedar Rapids under the direction of one of its members and a superintendent, as before stated. The amount of the indebtedness of the concern incurred at Cedar Rapids and owing at the time of the bankruptcy was some $16,000 to $18,000, while the amount incurred and owing at De Kalb was approximately only $3,000 to $4,000, at the most; that many of its accounts due and owing to it arose out of its business at Cedar Rapids. That the firm was doing business at both places is not disputed; in fact, is conceded. That a person, firm, or corporation may reside in one state and do business in another is quite common, but what may be his or its principal place of business may be difficult to determine in some cases. In this case I reach the conclusion, from all the testimony bearing upon that question, that the principal place of business of Gurler Company was at Cedar Rapids, in this state, and within the jurisdiction of this court, at the time of the commencement of this proceeding and during six months prior thereto, and not in De Kalb, Ill.

[2] It follows that this court has and had jurisdiction of this proceeding. See In re Mackey (D. C.) 110 Fed. 355; Dessel v. North State Lumber Co. (D. C.) 107 Fed. 255; In re Pennsylvania Coal Company (D. C.) 163 Fed. 579; Tiffany v. LaPlume Milk Company (D. C.) 141 Fed. 444; In re Duplex Radiator Company (D. C.) 142 Fed.

906. See, also, In re Brice (D. C.) 93 Fed. 942; and Guinn v. Iowa Central Ry. Co. (C. C.) 14 Fed. 323, 324. Cases may be cited not in entire harmony with the above; but upon the authority of In re Southwestern Bridge & Iron Co. (D. C.) 133 Fed. 568, I reach the conclusion that the petition to set aside or vacate the order of adjudication and dismiss the proceedings should be and is overruled; and it is accordingly so ordered.

The petitioners, Hunter, Walton & Co., except.