**L. B. JOHNSON, Plaintiff,**

v.

**ANGELINA CASUALTY COMPANY, Defendant.**

**James J. CANTON, Plaintiff,**

v.

**ANGELINA CASUALTY COMPANY, Defendant.**

**Robert REEVES, Plaintiff,**

v.

**ANGELINA CASUALTY COMPANY, Defendant.**

Civ. A. Nos. 4121, 4128, 4141.

United States District Court
E. D. Texas,
Beaumont Division.
Sept. 29, 1959.

Joe H. Tonahill, Floyd W. Addington, Jasper, Tex., for plaintiffs.

Howell Cobb, Beaumont, Tex., for defendant.

SHEEHY, Chief Judge.

Each of the above actions was originally instituted in this Court. In Civil Action No. 4121 plaintiff, L. B. Johnson, is seeking to recover workmen's compensation benefits under the workmen's compensation law of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., in the amount of $14,035 for incapacity to labor he alleges he has sustained and will sustain as a result of an accidental personal injury he alleges he sustained on or about May 6, 1958, in Sabine County, Texas, while in the course of his employment with Southern Pine Lumber Company. In Civil Action No. 4128 the plaintiff, James J. Canton, is seeking to recover workmen's compensation benefits under the workmen's compensation law of the State of Texas in the amount of $14,035 for incapacity to labor he alleges he has sustained and will sustain because of an injury he alleges he received on or about September 25, 1958, in Sabine County, Texas, while in the course of his employment with the Southern Pine Lumber Company. In Civil Action No. 4141 the plaintiff, Robert Reeves, is seeking to recover workmen's compensation benefits under the workmen's compensation law of the State of Texas in the amount of $14,035 for incapacity to labor he alleges he has sustained and will sustain because of an injury he alleges he received on or about June 25, 1958, in Sabine County, Texas, while in the course of his employment with the Southern Pine Lumber Company. Angelina Casualty Company was the workmen's compensation insurance carrier under the workmen's compensation law of the State of Texas for the Southern Pine Lumber Company at all times pertinent hereto. The plaintiff in each of the above cases is and was at all times pertinent hereto a resident and citizen of the State of Texas. The Angelina Casualty Company is a corporation organized under and by virtue of the laws of the State of Delaware. Each of the above actions was instituted subsequent to the effective date of Public Law 85–554 enacted by the Second Session of the 85th Congress affecting the jurisdiction of Federal courts in diversity of citizenship cases.

The Angelina Casualty Company filed in each case a Motion to Dismiss for want of jurisdiction asserting that the amount involved did not exceed the sum of $10,000, exclusive of interest and costs, and that although the Angelina Casualty Company was incorporated under the laws of the State of Delaware, its principal place of business is in Lufkin, Angelina County, Texas. Since the questions presented in the motions are identical, said motions were heard jointly and will be decided jointly.

The contention of Angelina Casualty Company to the effect that the amount in controversy in each of the above cases does not exceed the sum of $10,000, exclusive of interest and costs, is without merit and the attorney for the Angelina Casualty Company so conceded at the hearing on the Motions to Dismiss for want of jurisdiction.

From the evidence introduced at the hearing on the motions now under consideration, I find and conclude that the principal place of business of the Angelina Casualty Company is now and was at all times pertinent hereto in Lufkin, Angelina County, Texas. In light of this finding, the question for determina--

tion is whether there is a diversity of citizenship between the plaintiff and the defendant in each of the above cases in light of the provisions of 28 U.S.C.A. § 1332, as amended by Public Law 85–554. Said Sec. 1332(c), as amended, now provides as follows:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

■ It is obvious that the Congress in enacting Public Law 85–554 intended to further restrict and curtail the jurisdiction of the Federal courts in private civil actions where jurisdiction depends upon diversity of citizenship and the amount in controversy and thus reduce the private civil case-loads of the Federal courts. One of the ways in which such restriction and curtailment was to be accomplished was through the provisions of the law, above quoted, to the effect that for Federal court jurisdictional purposes a corporation shall be deemed not only to be a citizen of the state in which it is incorporated but also of the state in which it has its principal place of business.

The plaintiffs in support of their assertion of jurisdiction in these cases contend that under the provisions of Sec. 1332(c), above quoted, a plaintiff has the option of asserting that a corporation incorporated in a foreign state and having its principal place of business in the state in which the action is brought is either a citizen of the state in which the corporation is incorporated or is a citizen of the state in which it has its principal place of business, and the plaintiff in each of the instant cases having declared against the Angelina Casualty Company as a Delaware corporation, this Court has jurisdiction of each of these actions even though the principal place of business of Angelina Casualty Company is in Texas. In support of such contention plaintiffs rely on the holdings in Gavin v. Hudson & Manhattan Railroad Co., 3 Cir., 185 F.2d 104, 27 A.L.R.2d 739 and Bartron v. Delaware River Joint Toll Bridge Commission, 3 Cir., 216 F.2d 717, and on certain language appearing at pages 8 and 9 of Senate Report 1830 (Calendar No. 1865) 85th Congress, Second Session, dated July 11, 1958. In the Gavin case the suit was instituted in the United States District Court for the District of New Jersey. The defendant Railroad was incorporated in the State of New York and in the State of New Jersey, but the plaintiff declared against the defendant Railroad as a New York corporation. The Court of Appeals for the Third Circuit held that the plaintiff having declared against the Railroad Company as a New York corporation, the required diversity of citizenship between the plaintiff and the defendant was present. In the Bartron case the Court of Appeals for the Third Circuit followed its holding in the Gavin case and held that the United States District Court for the District of New Jersey had jurisdiction of a suit between plaintiffs who were citizens of the State of Pennsylvania and the defendant, a corporation created by the action of the Pennsylvania and New Jersey Legislatures. Prior to the enactment of Public Law 85–554 a corporation for Federal court jurisdictional purposes was regarded as a citizen of the state in which it was incorporated regardless of where it did business.[1] At the times of the decisions in the Gavin and Bartron cases there was no provision in the Federal statutes relating to Federal court jurisdiction to the effect that a corporation for Federal court jurisdictional purposes was a citizen of the state in which it had its principal place of business as well as of the state in which it was incorporated such as we now have. Thus, the holdings in the Gavin and Bartron cases are not considered in point on the question of jurisdiction in the instant

1. Vol. 1, Federal Practice and Procedure by Barron and Holtzoff, Sec. 26, p. 57.

cases. Even if it could be said that the holdings in those cases are in point, the holdings in said cases are, in my opinion, contrary to the weight of authority.[2]

The language appearing in Senate Report 1830 relied on by plaintiffs, as above indicated, does not in any manner support plaintiffs' contention that where there is diversity of citizenship such as we have in the instant cases a plaintiff has the option to declare against the corporation either as a citizen of the state in which it was incorporated or as a citizen of the state in which it has its principal place of business. The language in said report relied on by plaintiffs pertains to Sec. 5 of the legislation which amended Sec. 1445 of Title 28 United States Code, so as to provide, in effect, that a civil action instituted in any state court arising under the workmen's compensation law of such state cannot be removed to a United States District Court and has nothing whatsoever to do with the provision of the law above quoted as Sec. 1332(c) of Title 28 United States Code.

The Angelina Casualty Company having its principal place of business in Angelina County, Texas, as above found, and the plaintiff in each of the above cases being a citizen of the State of Texas, it is clear to me that under the express provisions of Sec. 1332(c), above quoted, there is no diversity of citizenship between the plaintiff and the defendant in either of the above cases and for that reason this Court does not have jurisdiction of the above cases.

The Motion to Dismiss of the defendant for want of jurisdiction will be sustained in each of the above cases, and each of said cases will be dismissed for want of jurisdiction.

2. See Seavey v. Boston & Maine Railroad, 1 Cir., 197 F.2d 485; Town of Bethel v. Atlantic Coast Line Railroad Co., 4 Cir., 81 F.2d 60 (Writ of Certiorari denied 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402) ; Geoffroy v. New York, New Haven & Hartford Railroad Co.,

1 Cir., 16 F.2d 1017; Peterborough Railroad v. Boston & Maine Railroad, 1 Cir., 239 F. 97; and Missouri Pacific Railway Co. v. Meeh, 8 Cir., 69 F. 753. Also see Annotation 27 A.L.R.2d 745 and 64 Harvard Law Review 1009.