Edward D. MATTSON, E. Duran Mattson as Trustee of the John Mattson Trust, Elizabeth Mattson Berry, Emma Morgan, Anna Elisabet Sundell, Syster Maria Ohman, Gottfrid Emanuel Sundell, Berta Eleanor Marks, Inga Lill Sonja Kristina Ekholm, Olaf Arvid Sundell, Hilda Sofia Sundell, Elsa Regina Karlsson, Jennie Marie Lind, Inez Maj Valborg Hedin, Inga Britt Viktoria Lind, and Sven Ake Lind, Plaintiffs,

v.

CUYUNA ORE COMPANY, an Ohio Corporation, Defendant.

No. 5–59 Civil 32.

United States District Court
D. Minnesota,
Fifth Division.

Jan. 27, 1960.

744

Nolan and Alderman, by Robert R. Alderman, Brainerd, Minn., for plaintiffs.

Nye, Montague, Sullivan & McMillan, by Edward T. Fride and Philip M. Hanft, Jr., Duluth, Minn., for defendant.

DONOVAN, District Judge.

This action for breach of contract based on certain lease agreements was commenced by service of summons and complaint on August 7, 1959. Motions to dismiss by the defendant and to amend the complaint have been made and disposed of.[1]

The instant second motion to dismiss is directed at the complaint and is based upon all the files, proceedings, depositions in the case, and the supporting affidavit of Everett L. Joppa dated December 29, 1959, and the opposing affidavit of Robert R. Alderman dated January 5, 1960. Jurisdiction is invoked on plaintiffs' claim of diversity and the amount of damages sought.[2]

The second and present motion to dismiss stems from 28 U.S.C.A. § 1332 (c), which reads as follows: "* * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Diversity cannot be waived or stipulated.[3]

The principal place of business of a corporation, which would determine its citizenship under paragraph (c), is the place of conducting its principal business[4] even though the corporation's charter may state otherwise.[5] A corporation's principal business is that business purpose for which it was incorporated and where it is being transacted. This does not necessarily include the activities incidental thereto or incidental to its corporate existence although such activities should be given due consideration in determining the corporation's principal place of business.[6] The question as to where a corporation's principal place of business is located is a factual one and not a matter of law.[7]

According to Everett L. Joppa's affidavit, supporting defendant's motion to dismiss for lack of jurisdiction, defendant "was incorporated for the purpose of purchasing, acquiring and owning in fee or by mining lease, license, * * * or otherwise, iron and manganiferous mines and mineral lands and interests therein in the State of Minnesota," but is silent as to the residence of its Chairman, President, et cetera. All of defendant's mining property

1. Mattson v. Cuyuna Ore Co., D.C.Minn., 24 F.R.D. 363.

2. Plaintiffs rely on 28 U.S.C.A. § 1332, as amended July 25, 1958.

3. Jennings v. United States, 8 Cir., 264 F. 399; Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699.

4. In re Elmira Steel Co., D.C.N.D.N.Y., 109 F. 456, 471.

5. Dressel v. North State Lumber Co., Ltd., D.C.E.D.N.C., 107 F. 255.

6. In re Elmira Steel Co., supra; Home Powder Co. v. Geis, 8 Cir., 204 F. 568; Dressel v. North State Lumber Co., Ltd., supra.

7. Colorado Interstate Gas Co. v. F.P.C., 10 Cir., 142 F.2d 943; Moesser v. Crucible Steel Company of America, D.C.W.D.Pa., 173 F.Supp. 953.

equipment and facilities used in connection therewith are located in Crow Wing County, Minnesota. The file discloses that defendant was not engaged in mining operations or other business activities elsewhere.

Defendant's mining operations are managed and superintended from offices in Minnesota. All of its employees other than its executive officers are employed at the mines and are paid from accounts in banks located in Minnesota. All purchases of the supplies and equipment used in its mining operations are made in Duluth, Minnesota, by its managing agent, and all of its contracts for the construction of plant and facilities at the mine are let by the purchasing department of said agent.

The affidavit filed in opposition to defendant's motion to dismiss emphasizes that the home office of the defendant is in Cleveland, Ohio, that its officers and executives live there, that certain meetings between plaintiffs and defendant concerning said leases were held in Cleveland and that correspondence concerning these leases was directed to or received from the defendant's offices in Cleveland. In their brief plaintiffs state that Joppa's affidavit does not clearly show what control the home office of defendant has over shipping, financial affairs, policy and administration. True, it would be consistent with good practice to have defendant's executive officers (who can veto all that the resident employees may do) resident in Minnesota. However, the road in this type of case is long and travel thereby expensive. The jurisdiction of the State courts cannot be questioned. Jurisdiction of this Court at best is doubtful. With this in mind the Court inclines to State jurisdiction as the most appropriate.

Considering all that is relevant to the motion before the Court, it is my

view that the defendant's principal place of business is where it carries on its mining operations, and where all of its property, facilities and its payrolls and personnel are located, rather than its home office in Cleveland, where its directors and executive officers are located. The directors and executive officers are necessary adjuncts to any corporation, no matter what its business may be.[8]

Most of the cases cited herein arose under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., but such cases are proper criteria for the determination of what constitutes a corporation's principal place of business. The legislative history relating to the Act which amended Section 1332 in 1958 states in part:[9]

"The proposal to rest the test of jurisdiction upon the 'principal place of business' of a corporation has ample precedent in the decisions of our courts and in Federal statutes such as the provisions of the Bankruptcy Act (11 U.S.C.). There is thus provided sufficient criteria to guide courts in future litigation under this bill."

This reasoning has been followed by the Courts. To illustrate, in Jaconski v. McCloskey & Company, D.C.E.D.Pa., 167 F.Supp. 537, which concerned the question we are confronted with in the instant case,[10] portions of the legislative history of the amendment of 1958 were quoted. A pertinent part thereof relating to the purpose for which said paragraph (c) was added is quoted herein:

"In adopting this legislation, the committee (House Judicial Committee) feels * * * that it will ease the workload of our Federal courts by reducing the number of cases involving corporations which come into Federal district courts on the fictional premise that a diversity of citizenship exists."[11]

8. Continental Coal Corp. v. Roszelle Brothers, 6 Cir., 242 F. 243, 247.

9. 2 U.S.Code Cong. & Ad. News (1958), p. 3102. See also Moesser v. Crucible Steel Co. of America, supra.

10. See also Harker v. Kopp, D.C.N.D.Ill., 172 F.Supp. 180; Johnson v. Angelina Casualty Company, D.C.E.D.Tex., 177 F. Supp. 85.

11. 2 U.S.Code Cong. & Ad. News (1958), p. 3101.

The foregoing demonstrates that defendant is a resident of Minnesota for jurisdictional purposes.

Plaintiffs' amended complaint states that plaintiff Mattson is a citizen of Minnesota. There being a lack of diversity of citizenship as required by Section 1332(a) of Title 28, United States Code, the case should be dismissed.

It is so ordered.

Exceptions are allowed.