James B. **BULLOCK** et al., Plaintiffs,

v.

**WIEBE CONSTRUCTION CO.**, Newton Shopping Center, Inc., John A. Wiebe, Wiebe Enterprises, John A. Wiebe Company, Daverman-Wiebe, Inc., Hillcrest Shopping Center, Inc., the Center, Inc., and Spencer Shopping Center, Inc., Defendants.

Civ. No. 6–1524–C.

United States District Court
S. D. Iowa,
Central Division.

June 4, 1965.

Max Putnam, Des Moines, Iowa, for plaintiffs.

John J. Greer, Spencer, Iowa, and Robert R. Veach, Omaha, Neb., for defendants.

STEPHENSON, Chief Judge.

This matter is now before the Court upon an issue of jurisdiction raised by the Court in an order filed on March 4, 1965. Thereafter plaintiffs filed a motion to remand, briefs were filed by the plaintiffs and the defendants, and on April 22, 1965, an oral hearing was held. Supplemental briefs have now been filed and the Court decides the following:

The Court initially raised the issue of jurisdiction of the subject matter in the present case because of concern as to whether the principal place of business of the defendant, Spencer Shopping Center, Inc., is in the State of Nebraska or Iowa. Federal district courts are courts of limited jurisdiction and unless there is complete diversity as to all plaintiffs and all defendants, jurisdiction of the subject matter will not lie. Title 28 U.S.C.A. § 1332(c) (amended 1958) provides that a corporation, for the purpose of diversity of citizenship, shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principal place of business.

The party who seeks to establish jurisdiction has the burden of showing its existence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). Although plaintiffs have entered herein a motion to remand their action to the District Court of Iowa in and for Polk County it does not appear that this removes or shifts from the defendants the burden of showing that this court has jurisdiction of the subject matter.

The principal place of business of a given corporation under Section 1332(c) is a factual question to be determined by a review of the total activity of the corporation. See Mattson v. Cuyuna Ore Co., 180 F.Supp. 743 (D. Minn.1960); cf. Chicago Bank of Commerce v. Carter, 61 F.2d 986 (8th Cir. 1932). Therefore, it is appropriate to set out the material facts which control whether this action may be retained in this court or whether it must be remanded to the state court. The defendant with which the Court is concerned is the Spencer Shopping Center, Inc. The sole business of said defendant is the leasing of lands and buildings, which it owns, to various retail companies and other business establishments in the

Spencer Shopping Center, Spencer, Iowa. The executive offices are located at Ralston, Nebraska. The corporation has no resident manager located at the shopping center. All directors are citizens of the State of Nebraska except one who is a citizen of Michigan. All officers are citizens of the State of Nebraska and the corporate meetings are held in Nebraska. From the briefs furnished the Court by counsel, it appears that there have been in the past occasional trips by various officers of the corporation to Spencer, Iowa, for the purpose of inspecting the Center, attending to a lease problem, or for the purpose of participating in litigation. However, essentially all of the management and administration of the corporation's business is performed at its office in Ralston, Nebraska.

■ Since the 1958 amendment to Section 1332(c) two standards for determining a corporation's principal place of business have evolved. They are the "nerve center" theory and the "operating assets" theory. See Textron Electronics, Inc. v. Unholtz-Dickie Corp., 193 F.Supp. 456, 458 (D.Conn.1961); See generally, 47 Iowa L.Rev. 1151 (1962). The Court notes, however, that both standards are at most guides and are not tests by which corporate citizenship in every case involving a corporation as a party can be measured. On the contrary, it appears to the Court that the principal place of business of a given corporation can only be decided after a careful consideration of the facts weighed in light of the character of the corporation, its purposes and the kind of business it is engaged in. In re Tygarts River Coal Co., 203 Fed. 178 (N.D.W.Va.1913). This approach to the problem is advocated in a recent article in the Iowa Law Review. 47 Iowa L.Rev. 1151 (1962). And it is readily adaptable to the present case.

■ In regard to any land leasing corporation such as Spencer Shopping Center, it is evident that the basic necessity for doing business is to own land and lease it to others. It is not disputed in the instant case that the sole business of Spencer Shopping Center, Inc., is the leasing of land and buildings, nor is it disputed that the sole place where said lands and buildings are located is at Spencer, Iowa. It appears to the Court, therefore, that the principal place of business of the Spencer Shopping Center, Inc., is at Spencer, Iowa.

The Court does not consider the fact that Spencer Shopping Center, Inc. has its office at Ralston, Nebraska, is of sufficient weight to justify finding that Nebraska is its principal place of business. It appears from the record that all of the defendants to the present action have their office at the same location in Ralston, Nebraska. It also appears that Spencer Shopping Center, Inc., is a relatively small corporation and has few employees. Defendant points out that the rent is paid at the Nebraska office, but the Court notes that it is not earned there; it is earned by the corporate assets, that is, the lands and buildings located at Spencer, Iowa.

Corporate management and internal corporate activities, such as board of director's meetings, appear to the Court to be entitled to less weighted consideration when the producing assets are completely confined, as in the present case, to one state and that one state is other than the state in which the corporate management and internal activities take place. On the other hand, if the Court were concerned with a larger corporation with production assets or production activities in many states, then such factors as corporate management and the internal corporate activities could be of considerable more importance.

In addition it appears to the Court that the majority of contacts with the public occur at Spencer, Iowa. Any litigation arising out of actions founded upon tort or contract is clearly most likely to occur within the State of Iowa.

■ Inasmuch as the defendant, Spencer Shopping Center, Inc., has its principal place of business within the State of Iowa, said defendant is a citizen of the state of Iowa for diversity purposes, within the meaning of 28 U.S.

C.A. § 1332(c). Plaintiffs being citizens of the State of Iowa, the requisite complete diversity among all the plaintiffs and all the defendants is not present and jurisdiction of the subject matter is therefore lacking. Plaintiffs' action must be remanded to the District Court of Iowa, in and for Polk County.

It is ordered that the action of the plaintiffs against all defendants be and is hereby remanded to the District Court of Iowa, in and for Polk County.